Filed 2/25/14  P. v. Henson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BILLY WESS HENSON,<br><br>        Defendant and Appellant. | C073987<br><br>(Super. Ct. No. 03F9360) |

Defendant Billy Wess Henson appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012.  Under the Three Strikes Reform Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction."  (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1286.)  If a defendant such as the one here satisfies certain criteria, "the petitioner shall be resentenced . . . unless the court, in its

1

discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Pen. Code,[1] § 1170.126, subd. (f).) The trial court denied defendant's petition for resentencing because he "does pose an unreasonable risk of danger to our community."

Defendant appeals from the trial court's denial, contending the court erred in finding that he had waived his personal appearance at the hearing on his petition and that the court abused its discretion in denying the petition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A

*Defendant's Juvenile History, Criminal History, And Prison Behavior*

In 1977, when defendant was 16, a juvenile court found that he committed an assault with a semiautomatic firearm and committed him to the California Youth Authority. In 1980, at age 20, he was convicted of receiving stolen property. In 1984, he was convicted again of receiving stolen property and sentenced to three years in state prison. In 1988, defendant was convicted of first degree residential burglary in Oregon. He was paroled in June 1990. In October 1991, defendant was convicted of 11 counts of first degree residential burglary and was sentenced to 16 years in prison. He was released in 2000. He then violated that parole in 2000, 2001, and 2002. In 2003, defendant committed the current strike, receiving stolen property. He pled no contest to that crime in 2005 and admitted 12 prior strikes, in exchange for a prison sentence of 25 years to life, dismissal of the "balance of the charges [which were six additional counts of first degree residential burglary, two counts of grand theft of a firearm, and one count of receiving stolen property] . . . with a *Harvey*[2] Waiver for restitution [in five of the

---

[1]     All further section references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

counts].'' In each of the burglaries, defendant had forced entry into the homes and stolen multiple items.

Defendant has been incarcerated on this last conviction since 2003. While incarcerated in July 2011, defendant was found by a correctional officer on top of another inmate holding a horseshoe "over his head and appeared to be ready to strike [the other inmate] in the head." Defendant complied with the order of the correctional officer to "stop and get down." The other inmate had redness to his scalp, which the examining nurse believed was caused by being struck with the horseshoe and a laceration to his finger caused by being bitten during this incident. The other inmate also had abrasions on his facial area, forehead, back of his head, upper back, elbow, and knee. Defendant had abrasions to his facial area, both knees, one hand, and swelling on his forehead. According to a California Department of Corrections and Rehabilitation's rules violation report, defendant was found guilty of assault on an inmate with a deadly weapon.

Also while incarcerated on this last conviction in 2012, defendant participated in Alcoholics Anonymous and Narcotics Anonymous. While incarcerated in Oregon, he had taken an "anger management" class in winter 1989 and an "alcohol & other drug" class in spring 1989. According to defendant (from a statement he made in a probation report from 2005), defendant admitting to drinking alcohol and smoking marijuana "for as long as he can remember."

B

*Defendant's Petitions And The People's Response*

Defendant filed a pro. per. petition to recall his sentence under the Three Strikes Reform Act. When counsel was appointed for him, counsel filed a supplemental petition arguing that denial of the petition would be an abuse of the trial court's discretion, stressing that the statutory scheme requires the court to resentence defendant unless he poses an unreasonable risk of danger to public safety. The People filed a response

3

conceding that defendant was eligible to have his sentence recalled but argued "defendant poses a completely unreasonable risk of danger to public safety."

C

*The Hearing And The Trial Court's Ruling*

The court held a hearing with the prosecutor and defense counsel, after defense counsel agreed with the court that defendant had waived his appearance. The court denied the petition because defendant had no life skills and had not participated in programs that would have given him usable life skills, he had been incarcerated most of his life, he had committed serious crimes, including breaking into people's houses which carried with it the potential of something serious happening, had stolen weapons in some of those houses, and had used a horseshoe as a weapon in 2011.

DISCUSSION

I

*The People Have Forfeited Their Contention That Defendant Cannot Petition To Modify His Sentence Because They Did Not Raise This Argument In The Trial Court*

We begin by addressing the People's contention that defendant "is entitled to no relief in this proceeding" because he is "serving a stipulated sentence he agreed to as part of a plea agreement." The People have forfeited this contention by not raising it in the trial court.

In the trial court, the only contention the People raised with respect to defendant's plea agreement was the following: "[I]f the court is inclined to release the [defendant,] the People would assert that because of the current circumstances the People have no longer received the benefit of the original plea agreement" and "[t]he People would ask that the plea be withdrawn and the case proceed to trial or a plea involving one of the other charged offenses resulting in a 25 year to life sentence." The contention about wanting to withdraw the plea is not the same as the current contention that defendant is entitled to no relief in this proceeding. The People's failure to raise the current

4

contention in the trial court precludes them from raising it on appeal. (*People v. Williams* (1999) 20 Cal.4th 119, 136.)

II

*Defendant Waived His Appearance At The Hearing;*

*Defense Counsel Was Not Deficient*

Defendant's petition to recall his sentence stated that "[i]f [his] request [to recall his sentence] is not summarily granted," he "hereby requests . . . the right to be personally present at all proceedings." At the hearing on the petition, the court stated defendant had "waived his presence for purposes of this hearing" and defense counsel responded, "[t]rue." On appeal, defendant contends the trial court improperly found that he had waived his personal presence at the hearing on his petition and that his trial counsel was ineffective for agreeing that he had. We disagree because the law allowed the court to treat defendant's equivocal waiver as unconditional.

"[A] defendant petitioning for resentencing may waive his or her appearance in court for the resentencing, provided that the accusatory pleading is not amended at the resentencing, and that no new trial or retrial of the individual will occur. The waiver shall be in writing and signed by the defendant." (§ 1170.126, subd. (i).) Here, defendant's pro. per. petition to recall his sentence was conditional because he said he wanted to be present only if the trial court did not summarily grant his request to recall his sentence. However, there is no requirement that a trial court accept a conditional waiver, even of a constitutional right.**[3]** (See, e.g., *People v. Carter* (1967) 66 Cal.2d 666, 670 ["a waiver of counsel which is made conditional by a defendant cannot be effective unless the condition is accepted by the court"]; *People v. D'Arcy* (2010) 48 Cal.4th 257, 284 [quoting the preceding sentence from *Carter*].) In fact, courts routinely treat a

---

**[3]** Defendant here contends his right to be present at the hearing on his petition was a constitutional right.

defendant's conditional waiver of constitutional rights in a variety of circumstances as an unconditional waiver of those rights. (See, e.g., *Davis v. United States* (1994) 512 U.S. 452, 459 [129 L.Ed.2d 362, 371] [a defendant's invocation of the right to counsel during custodial interrogation must be unambiguous and unequivocal; *People v. Gonzalez* (2005) 34 Cal.4th 1111, 1116 [a conditional request for an attorney did not require police to stop interrogating the defendant].) Thus, the trial court here was not required to treat defendant's conditional assertion of his right to be present as unconditional.

And, based on the legal precedent we have just cited, defense counsel cannot be held deficient in his performance for agreeing with the court that defendant had waived his right to be present at the hearing on his petition. (*People v. Waidla* (2000) 22 Cal.4th 690, 718 [counsel's deficient performance is the first prong of an ineffective assistance of counsel analysis].)

### III

### *The Trial Court's Exercise Of Discretion*

Defendant contends the court abused its discretion in not resentencing him because (1) "there were many positive facts supporting recall and resentencing"; (2) the trial court "placed [an] inordinate and unwarranted reliance on [his] criminal record"; (3) the trial court "should have held an evidentiary hearing at which all of the facts could be presented" regarding his assault on a fellow inmate with a horseshoe; and (4) the trial court should not have considered the facts behind the plea agreement because the charges it considered were dismissed with a waiver that the facts could be considered only for purposes of aiding in calculating victim restitution. (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758.)

We begin with the law and then address each of defendant's four specific arguments as to why the court abused its discretion. As we explain, the court acted within its discretion in finding no meaningful positive factors supporting the recall; it acted within its discretion in relying on defendant's lengthy and uninterrupted criminal

6

history that included recent violence and defendant has forfeited his arguments that the court should have held an evidentiary hearing on the horseshoe incident and the court should not have considered the facts behind dismissed counts in his plea agreement.

A defendant such as the one here "shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) "In exercising its discretion in subdivision (f), the court may consider:  [¶]  (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;  [¶]  (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and  [¶]  (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."
(§ 1170.126, subd. (g).)

A

*Alleged Failure To Consider Positive Facts Supporting Resentencing*

Defendant argues "there were many positive facts supporting recall and resentencing," notably, that he was enrolled in anger management classes and classes to address drug and alcohol abuse.  This evidence was in defendant's pro. per. petition for resentencing and his supplemental petition and included a certificate recognizing defendant's participation in the Alcoholics Anonymous group in 2012; three commendations in the form of "quarterly attendance chrono[s]" noting he had attended numerous Narcotics Anonymous meetings in 2012; and an unofficial transcript from a community college in Oregon stating defendant had taken an "anger management" class in winter 1989 and an "alcohol & other drug" class in spring 1989.

The court, in denying defendant's petition, noted the "letter of commendation . . . for participating in a 12-step program" but found there was "no indication that he has taken or participated in anything that would give him useable skills while out or any sort

7

of life skills whatsoever" and there was no evidence he had done anything "to manage anger in any particular way for a propensity toward violence . . . ." This recitation of the court's evaluation of defendant's failed attempt to rehabilitate himself demonstrates not (as defendant seems to claim) that the court failed to consider his efforts at rehabilitation, but rather, the court found those attempts lacking. The court's perspective is not surprising, given that defendant's evidence of drug and alcohol rehabilitation and anger management was extremely limited. They consisted of attending programs for a very short amount of time and only sporadically. In short, a disagreement with the trial court's weighing of facts is not sufficient to demonstrate an abuse of the court's discretion.

B

*Alleged Unwarranted Reliance On Defendant's Criminal Record*

Defendant contends the trial court "placed an inordinate and unwarranted reliance on [his] criminal record," notably his strike offense which "occurred 22 years ago" and his current offense, which occurred "almost 10 years ago." He argues these crimes were remote and they did not involve violence. The problem with defendant's argument is that remoteness of crimes weighs in favor of a defendant only when there is a " 'washing out' " period, which is a "crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

Here, defendant has led a continuous life of crime without a " 'washing out' " period and his most current behavior in prison indicated he was violent. Defendant has been incarcerated since his youth, at first for the significant crime of assault with a semiautomatic firearm. He has been in and out of prison, never remaining free from criminal activity in the community for a significant period of time. His more current conduct in prison, which took place in 2011, was when he hit and injured another inmate

8

with a horseshoe.  Given defendant's unabated criminal behavior and his recent violent behavior in prison, the court was well within its discretion to rely on defendant's criminal record as a basis to deny defendant's petition.

C

### *Defendant's Argument Directed At The Trial Court's Failure To Hold An Evidentiary Hearing On The Horseshoe Incident Has Been Forfeited*

Defendant contends the trial court "should have held an evidentiary hearing at which all of the facts could be presented" regarding his assault on a fellow inmate with a horseshoe.  He argues a "proper exercise of discretion requires consideration of 'all of the facts and circumstances.' "  Defendant has forfeited this contention by failing to raise it in the trial court.

In discussing the horseshoe incident, the trial court mentioned there was "[n]ot a great deal of information about it," noting the prison report was "not nearly as extensive as something that we would get from a police department" and it was "basically one long run-on paragraph."  Defense counsel told the court "[l]et's talk about the event in 2011" and drew its attention to the documents describing the incident from the Department of Corrections and Rehabilitation that counsel had attached to the supplemental petition.  At no time did defense counsel ask for an evidentiary hearing, thereby forfeiting such a contention on appeal.  (See *People v. Viray* (2005) 134 Cal.App.4th 1186, 1208 [failure to raise an evidentiary issue in the trial court forfeited the issue on appeal].)

D

### *Defendant's Argument Directed At The Trial Court's Consideration Of The Facts Behind The Plea Agreement Has Been Forfeited*

Defendant contends the court should not have considered the facts behind the plea agreement in the most recent case because many of the charges were dismissed with a waiver that the facts could be considered only for purpose of aiding in calculating victim

9

restitution. (*People v. Harvey*, *supra*, 25 Cal.3d at p. 754.) Just as with the last argument, this one has been forfeited.

In discussing the crime for which defendant was sentenced to 25 years to life in prison, one count of receiving stolen property, the court noted defendant had been charged with more crimes and referred to defendant "ha[ving] stolen firearms from people's residences in 2003." Defense counsel responded, "I[t] leaves you kind of wondering if the case, as originally pled, was so serious, including weapons and multiple enhancements -- how come it settled for a 496. Must have been proof problems." At no point did defense counsel argue the court could not go behind the plea agreement to determine what the facts of the dismissed offenses were. In fact, contrary to arguing the court could not consider the facts of the dismissed offenses, defense counsel actually used the lack of those facts to his advantage to argue that there must have been insufficient evidence to sustain convictions to those charges.

DISPOSITION

The judgment (the court's order denying defendant's petition for resentencing) is affirmed.

_____ROBIE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____HOCH_____, J.

10