Filed 2/24/15  P. v. Bailey CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065879 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD251987) |
| JEFFREY LEE BAILEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frederic L. Link, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette Cavalier and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jeffrey Lee Bailey of one count of burglary of an inhabited dwelling (Pen. Code,[1] §§ 459, 460) and one count of vandalism, a misdemeanor (§ 594, subds. (a), (b)(2)(A)). The trial court found true a prior serious felony conviction (§ 667, subd. (a)(1)) and one strike prior (§ 667, subds. (b)-(i)). The trial court denied Bailey's motion to strike the "strike" prior and sentenced Bailey to a determinate term of 13 years in prison.

Bailey appeals challenging only his sentence. He contends the trial court abused its discretion in declining to strike his 1992 serious/violent felony conviction (§ 667, subds. (b)-(i)). Although the strike prior was remote in time, the trial court denied the motion to strike it because Bailey had been constantly committing crime since his 1992 conviction and had been to prison multiple times in the interim. We will find no abuse of discretion and affirm.

STATEMENT OF FACTS

Since this appeal does not challenge either the admissibility or the sufficiency of the evidence to support the convictions we will only set forth a very brief summary of the facts of the offenses.

At about midnight on May 22, 2013 a family returned home from a vacation. They lived in the upstairs portion of a duplex in Ocean Beach. They discovered their storage cabinets and lockers in the carport had been opened and items taken. They also

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

discovered pry marks on their back door where someone had attempted to enter the dwelling.

The family encountered Bailey, his codefendant Bryce Schlect, and a woman who were in the process of taking items and placing them in a white van parked nearby. Bailey and his compatriots were able to get away. Police discovered a pair of bolt cutters, a pry bar and a pair of gloves. The bolt cutters had Schlect's DNA on it and the gloves had Bailey's DNA on the interior of the gloves. The van was registered to Schlect.

DISCUSSION

Bailey does not challenge his convictions. He only challenges the trial court's decision to deny his motion under section 1385 to dismiss his strike prior. He contends that the prior conviction relates to a residential burglary conviction in 1992 and is thus so remote that the trial court abused its discretion in declining to strike it. We disagree.

A. Legal Principles

When a person has been convicted of a felony and a prior serious/violent felony conviction under section 667, subdivisions (b) through (i), has been pled and proved, a court may still strike it for sentencing purposes under section 1385, subdivision (a) in the "furtherance of justice." (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504.) We review the trial court's decision to grant or deny a motion to strike the prior under the abuse of discretion standard. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124; *People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).)

The Supreme Court has set standards for trial court consideration of motions to dismiss strike priors. (*People v. Williams* (1998) 17 Cal.4th 148, 159-161(*Williams*).)

3

Trial courts may not strike such priors merely to avoid the sentence mandated by the Legislature for persons who commit new felony offenses with the requisite prior convictions. Rather the court must consider the defendant's criminal history, the nature of the offenses, character and prospects for rehabilitation. (*Id.* at p. 161; *Carmony, supra,* 33 Cal.4th at pp. 376-377.)

When the trial court deals with strike priors that are remote in time, the court may not strike it merely because it is remote. Rather the court must look at the defendant's behavior from the time of the prior to the time of the current offense. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) Where a defendant has continuously committed criminal offenses during the period from the strike prior until the current offense, the court can consider even minor offenses to indicate the defendant comes within the spirit of the Three Strikes Law. (*Williams, supra*, 17 Cal.4th at p. 163.)

### B.  Analysis

When the trial court denied the motion to strike he said, in part:

> "Okay. I am not going to strike the strike. If this man had been law abiding since 1992 or had one or two times, that's fine. But this guy has been in prison at least two or three times since the strike. And you know, that's what the strike is all about. That is what the strike is all about. If he had been, you know, arrest free or whatever I would say fine, but, you know, the course of conduct just keeps on going so I am not going to strike the strike in this case."

It is clear the court was aware of its discretionary authority, but elected not to exercise his discretion because of Bailey's continuous criminal behavior since his 1992 conviction. The record indicates the current conviction is Bailey's eighth felony conviction and thirteenth criminal conviction. The current offense is a serious felony

4

involving burglary of an inhabited dwelling. A reasonable trial judge could very easily conclude Bailey comes fully within the spirit of the Three Strikes Law as discussed in *Williams, supra*, 17 Cal.4th 148.

Without citation of authority, Bailey further argues that since Proposition 36 ameliorated the most draconian features of the strikes law, we should conclude the public intended to make it easier for trial courts to dismiss the strike priors. We find no support for that argument.

As one court summarized the effect of Proposition 36: "The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

In the present case we note the current felony is statutorily determined to be a serious felony, not withstanding Bailey's efforts to diminish its factual "seriousness." We also note that Bailey was sentenced as a "second strike offender." Thus, Proposition 36 has no relevance to the issues in this case. Nor has Bailey shown any basis for a finding of an abuse of discretion in this case.

DISPOSITION

The judgment is affirmed.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:


      McDONALD, J.


      AARON, J.

6