Filed 4/8/15  P. v. Tomblinson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077124 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F1859, 12F8026, 13F1725) |
| v. | |
| TOMAS WILLIAM TOMBLINSON, | |
| Defendant and Appellant. | |

Sentenced to state prison for an aggregate term of six years, defendant Tomas William Tomblinson appeals, contending the trial court abused its discretion in denying his request to strike his strike prior.  We conclude that the trial court did not abuse its discretion and will affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

During a patdown search on January 9, 2011, an officer found four syringes in defendant's pocket and a metal spoon with white residue. At the jail, an officer found 1.5 grams of methamphetamine in defendant's underwear.

In case No. 11F1859, defendant entered a plea of guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a strike prior (Pen. Code, § 1170.12)[1] [1996 arson of another person's property (§ 451, subd. (d))] in exchange for drug probation (§ 1210.1 et seq.) and dismissal of the remaining counts and allegations. The court placed defendant on drug probation.

On November 12, 2012, a search of a vehicle in which defendant was riding as a passenger revealed a suitcase with how-to guides on assembling firearms and a .22-caliber Ruger pistol with an obscured serial number.

In case No. 12F8026, defendant entered a plea of guilty of being a convicted felon in possession of a firearm (§ 29800, subd. (a)) and admitted a strike prior [the 1996 arson] in exchange for dismissal of the remaining count. Based on this new offense, defendant admitted violating probation in case No. 11F1859.

Defendant failed to appear in case No. 12F8026 on March 7, 2013, as directed.

In case No. 13F1725, defendant entered a plea of no contest to failure to appear (§ 1320, subd. (b)) in exchange for dismissal of the remaining allegations and an eight year eight month sentencing lid for the three cases.

In preparation for sentencing the probation officer recounted defendant's criminal history. In addition to defendant's three current felony convictions, defendant's prior felony convictions included the following three: (1) a 1996 drug conviction (Health & Saf. Code, § 11360, subd. (a)); (2) the 1996 arson; and (3) a 2006 drug conviction (Health

---

[1] Undesignated statutory references are to the Penal Code.

2

& Saf. Code, § 11350, subd. (a)). Defendant had numerous misdemeanor convictions (Pen. Code, § 647, subd. (f) in 1994; Pen. Code, § 594, subd. (a) in 1996; Veh. Code, § 23152, subd. (b) in 2002; Health & Saf. Code, § 11377, subd. (a) in 2003; Health & Saf. Code, § 11364 and Veh. Code, § 14601.1, both in 2004; Pen. Code, § 417.4 in 2005; and Health & Saf. Code, § 11364 in 2006) and probation violations. Defendant was 38 years old, had used various illegal drugs for over 25 years, and failed to complete treatment when given the opportunity in case No. 11F1859 (he had two violations of drug treatment probation; to wit, he sustained a contempt of court charge for failure to appear and failed to submit to a chemical test). He had not worked the previous two years.

In requesting that the trial court strike the strike prior, defendant argued his current offenses were not serious or violent, his strike prior was remote, his criminal history was nonviolent, he was remorseful and took responsibility, and that he had been free from custody for a substantial period of time before the current offenses. He also challenged his punishment under the three strikes law as disproportionate to his offenses.

The prosecutor opposed defendant's request to strike the prior, citing defendant's contacts with the criminal justice system and arguing defendant's strike prior was not remote since defendant had been on probation or in prison without a substantial break during the 15 years prior to defendant's plea in case No. 11F1859.

In denying defendant's request to strike the strike prior, the trial court took into consideration the underlying facts of the current offenses (finding the firearm possession to be aggravating, violent, and potentially dangerous) as well as the nature and circumstances of the strike prior (aggravating since there was a considerable amount of anger, violence, and danger), and determined the firearm possession and strike prior were similar. With respect to defendant's background, the trial court noted defendant was not able to keep a job when not incarcerated, "bum[ming] off his friends and relatives," and

3

"pick[ing] up crimes," reflecting a negative background. While the arson prior was "old," the trial court noted that defendant had not improved his life since then.

After denying defendant's request to strike the strike prior, the court imposed a six-year state prison sentence: four years (midterm of two years, doubled for the strike prior) for convicted felon in possession of a firearm (case No. 12F8026), a consecutive 16-month term (one-third the midterm or eight months, doubled for strike prior) for possession of methamphetamine (case No. 11F1859), and a consecutive one-third the midterm or eight months for failure to appear (case No. 13F1725).

## DISCUSSION

Defendant contends the trial court abused its discretion in failing to strike his strike prior because his criminal record since his 1996 arson conviction consisted "by and large [of] simple drug offenses," not violent offenses, and that he "should have received ongoing drug treatment." We find no abuse of discretion.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) The trial court considers "the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Dismissal of a strike prior is a departure from the sentencing norm. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) "[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of

4

discretion." (*Carmony*, at p. 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Id.* at p. 378.)

The trial court was aware of its discretion to strike defendant's strike prior and did not abuse that discretion in declining to do so. The court reviewed the record and did not find that defendant fell outside the spirit of the three strikes law. True, defendant's current offense of drug possession is not serious. But "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law." (*People v. Strong* (2001) 87 Cal.App.4th 328, 344.) Defendant was given the opportunity to complete drug treatment but he sustained two violations (contempt of court; failure to submit to chemical test) as well as the possession of a firearm conviction. Defendant's current firearm possession was deemed by the trial court to be both violent and dangerous and similar to defendant's strike prior conviction for arson of another person's property. Although defendant's strike prior offense occurred in 1996, the prior was not remote because it was followed by a continuous life of crime. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 ["Where, as here, the defendant has led a continuous life of crime after the prior, there has been no 'washing out' and there is simply nothing mitigating about a 20-year-old prior."].) Defendant's recent offenses and his life of crime place him within the spirit of the three strikes law. We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


                                            _____BUTZ_____, J.



We concur:



_____BLEASE_____, Acting P. J.



_____DUARTE_____, J.


6