[No. B110962. Second Dist., Div. Six. Oct. 23, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN A. HUMPHREY, Defendant and Respondent.

**COUNSEL**

Michael D. Bradbury, District Attorney, and Peter D. Kossoris, Deputy District Attorney, for Plaintiff and Appellant.

Maureen DeMaio, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**YEGAN, J.**—The People appeal from a *"Romero"* (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]) striking of a prior serious felony conviction after John A. Humphrey (defendant) was found guilty of grand theft from a person (Pen. Code, § 487, subd. (c)),[1] a lesser included offense of a charged robbery. (§ 211.) Defendant was sentenced as a "two strikes" defendant to 10 years in state prison. We reverse and remand for resentencing.

At the initial sentencing hearing, the trial court found that defendant had suffered two serious felony convictions within the meaning of section 667, subdivisions (c) and (e), and had served four prior prison terms (§ 667.5, subd. (b)). The trial court imposed a sentence of 25 years to life. (§ 667, subd. (e)(2)(A)(ii).)

In an unpublished opinion (*People v. Humphrey* (Nov. 21, 1996) B100553 (opinion by Yegan, J., with Stone (S. J.), P. J. and Gilbert, J. concurring)), we vacated the sentence and remanded for resentencing in light of *Romero*. We did so because the record affirmatively showed that the trial court wanted to strike a prior serious felony conviction but believed it was without power to do so. We assumed there was a reasonable probability that the trial court could make an appropriate finding which would have supported the exercise of discretion.

On remand, defendant moved to strike a 1976 robbery conviction. The trial court, in granting the motion, ruled: "The earlier prior that's charged as a strike occurred in 1976, [and] is almost 20 years before this offense occurred. . . . I'm striking the 1976 prior . . . . [T]he Court now orders you sentenced, Mr. Humphrey, to double the high term or six years on the 487 and one year for each of your four prior prison terms, which is an additional four years. The total is ten years."

■ The People correctly argue that the trial court erred in dismissing the prior serious felony conviction without setting forth its reasons in the minute order. The March 6, 1997, minute order states: "The November 12, 1976 prior is stricken only as it pertains to the 667(C)&(E)(2) PC special allegation."

Section 1385, subdivision (a) provides that "[t]he reasons for the dismissal must be set forth in an order entered upon the minutes." The provision is mandatory. (*People v. Orin* (1975) 13 Cal.3d 937, 944 [120 Cal.Rptr. 65,

---

[1]All statutory references are to the Penal Code.

533 P.2d 193].) " 'It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know why this great power was exercised." ' [Citation.]" (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, 531.)

Defendant asserts that the error is harmless and that a remand for resentencing would be improper. We need not decide whether the failure to enter the reasons for dismissal in the minutes is subject to a harmless error analysis. ▪ We reverse because the sole reason articulated for the striking was erroneous.

Defendant has been a career criminal for over 30 years. In 1967, at the age of 18, he was convicted of disturbing the peace. In 1968 he was convicted of burglary and committed to the California Youth Authority. In 1972 he was convicted of being in a place where narcotics were being used. In 1973 he was convicted of battery on a police officer. In connection with that offense, he slammed a car door on the officer's legs, kicked and punched two officers, and threatened to kill them.

In 1976, defendant was convicted of robbery. The probation report states that he knocked the victim down, assaulted him with a knife, and took his wallet, watch, and cigarette lighter. He was sentenced to state prison.

In 1981 defendant was convicted of using drugs. He was also convicted of two counts of burglary and was again sentenced to state prison. In 1986 he was thrice convicted of using drugs. In 1987 he was convicted of robbery and again was sentenced to state prison. During this robbery, appellant held a screwdriver to the victim's neck and struck the victim in the jaw. An accomplice tried to stab the victim with a six-inch knife.

Defendant committed the instant offense while on parole. He accosted a farm worker in an alley and "snatched" her purse which contained $200.

Defendant has used drugs since 1968 and told the probation officer that he supports his drug habit by "robbing and stealing." The probation report states that he "has demonstrated a total lack of compliance. Once released from prison, he continues to abuse narcotics and commit serious crimes. He has sustained five prior felonies and refuses to take responsibility for his actions or address his serious substance abuse problem."

The People argue that it is an abuse of discretion to here strike the 1976 robbery conviction predicated solely upon its being remote in time. We must agree. A dismissal in " 'furtherance of justice,' requires consideration both

of the constitutional rights of the defendant, and *the interests of society represented by the People* . . . . [Citations.]' " (*People* v. *Orin, supra,* 13 Cal.3d 937, 945.) Pursuant to *People* v. *Superior Court (Romero), supra,* 13 Cal.4th 497, the trial court has broad discretion in deciding whether to strike a prior *vel non.* (*People* v. *Bishop* (1997) 56 Cal.App.4th 1245, 1250 [66 Cal.Rptr.2d 347].) In the final analysis, it ". . . is not what the prosecution, defense, or appellate court might conclude. Rather, what counts is what the trial court . . . concluded . . . ." (*Id.,* at p. 1251.) However, the mitigating factor articulated by the trial court must be valid to support a *Romero* striking.

In *Romero,* our Supreme Court warned that it is an abuse of discretion to strike a prior conviction "solely 'to accommodate judicial convenience or because of court congestion.' [Citation.] A court also abuses its discretion by dismissing a case, or a sentencing allegation, simply because a defendant pleads guilty. [Citation.] Nor would a court act properly if guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' [Citation.]" (*People* v. *Superior Court (Romero) supra,* 13 Cal.4th at p. 531.)

We must add a new category to the list of improper bases for the striking of a prior. In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on. To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as "washing out." (See § 667.5, subds. (a), (b); *People* v. *Maki* (1984) 161 Cal.App.3d 697, 699-700 [207 Cal.Rptr. 777].) The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways. Where, as here, the defendant has led a continuous life of crime after the prior, there has been no "washing out" and there is simply nothing mitigating about a 20-year-old prior. Phrased otherwise, the defendant has not lead a "legally blameless life" since the 1976 prior. (See *People* v. *Antick* (1975) 15 Cal.3d 79, 91-99 [123 Cal.Rptr. 475, 539 P.2d 43]; *People* v. *Beagle* (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1] [prior felony conviction for impeachment].) Far from being "washed out," this prior was "dyed in."

The People argue that remand is inappropriate because, given defendant's record, it would be unreasonable as a matter of law for any sentencing court to strike a serious prior felony conviction. While an appellate court has the power to modify the sentence (§ 1260) we exercise this power sparingly for, as indicated in *People* v. *Bishop, supra,* 56 Cal.App.4th 1245, 1251, the trial court's articulated discretion is, generally speaking, controlling.

The judgment is reversed and the matter is remanded for resentencing only. If the trial court again attempts to exercise "*Romero*" discretion, it must set forth its reason or reasons in the minute order. In all other respects, the judgment is affirmed.

Gilbert, Acting P. J., and Coffee, J., concurred.

A petition for a rehearing was denied November 21, 1997.