Filed 6/9/15  P. v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

<u>COPY</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077060 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F2584) |
| v. | |
| CHRISTOPHER HUGH DAVIS, | |
| Defendant and Appellant. | |

Defendant Christopher Hugh Davis entered a negotiated plea of guilty to a charge of failure to appear and admitted a prior strike (arson of personal property) in exchange for dismissal of the remaining allegations, a sentencing lid of four years in state prison, and—significant to this appeal—the opportunity to request dismissal of the prior strike (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*)).  Ultimately, the trial court denied defendant's *Romero* request and sentenced defendant to state prison for four years (the midterm doubled for the prior strike).

1

Defendant appeals, contending the trial court erroneously denied his *Romero* request. We disagree and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

On March 19, 2012, defendant was ordered to be present on April 6, 2012, in case No. 12F1284 which charged receiving stolen property. Defendant failed to appear and a bench warrant was issued for his arrest. Defendant's failure to appear was charged in case No. 12F2584, which is the case that currently underlies this appeal. Defendant entered a plea of no contest to the failure to appear charge in case No. 12F2584 and admitted the prior strike conviction in exchange for dismissal of other remaining allegations and the opportunity to file a *Romero* motion. The plea also provided for the dismissal of case No. 12F1284 (with a *Harvey* waiver) and a third case, No. 12F4544.

After entering his plea, defendant requested that the court dismiss the prior strike pursuant to *Romero*, arguing that his failure to appear was one of the least serious felonies with a triad of 16 months, two years, or three years, that his prior strike was 14-years old and was the least serious of all arson crimes (burning of personal property with a top punishment of three years), and that his background, character and prospects weighed in favor of dismissing the prior strike. The prosecutor opposed defendant's request, noting that defendant had not been "crime-free" since the arson offense.

The trial court denied defendant's *Romero* request, citing his prior felony offenses, the fact he was on probation out of Oregon at the time of the current offense, his criminal history, his character and his lack of future prospects.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying his *Romero* request, reiterating the arguments he made above that his current offense is not a serious or violent offense, that his prior strike for arson is now remote in time, and that his good character is supported by the statement of his previous employer. Citing *People v. Cluff*

2

(2001) 87 Cal.App.4th 991 (*Cluff*), defendant argues his sentence was not " 'in furtherance of justice.' " We find no abuse.

We review the trial court's denial of defendant's *Romero* request for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*).) Dismissal of a prior strike is a departure from the sentencing norm. We do not reverse the trial court's denial of a *Romero* request unless the defendant shows the ruling was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Where the trial court knew of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling.' " (*Id.* at p. 378.) "The touchstone of the analysis must be 'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Philpot* (2004) 122 Cal.App.4th 893, 905 (*Philpot*).)

We conclude that defendant has failed to demonstrate that the trial court abused its discretion in denying his *Romero* request. His lengthy criminal history included: A 1999 conviction of being an accessory to a felony; a 2000 conviction of arson of personal property, conspiracy, arson, and possession of flammable or combustible materials; a 2003 conviction of burglary; a 2008 conviction of driving while in possession of marijuana; a 2012 conviction in Oregon of first degree theft, first degree burglary, and second degree theft; and a 2013 conviction in Utah of use or possession of a controlled substance and drug paraphernalia, and obstruction of justice. Defendant had served three prior prison terms, at least two prior jail terms, violated probation and parole, and failed to appear. The case in which he failed to appear (case No. 12F1284) charged defendant with receiving stolen property and was ultimately dismissed with a *Harvey* waiver as part

3

of the plea agreement that underlies this case. In the current case, defendant twice failed to appear at arraignment, and again at sentencing, which resulted in bench warrants for his arrest. With respect to his failure to appear at sentencing, defendant claimed he had health issues but never called his attorney or the court. He also failed to appear for his probation interview. He was on probation out of Oregon at the time of the offense.

Defendant's current offense of failure to appear, although not listed as a serious or violent offense in the Penal Code, does not take defendant outside the spirit of the three strikes law when viewed as part of his criminal history. (Cf. Pen.Code, §§ 1192.7 subd. (c), 1192.8, 667.5 subd. (c).) "[T]he nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law." (*People v. Strong* (2001) 87 Cal.App.4th 328, 344.) Although defendant's prior strike offense (arson of personal property) occurred in 2000, the prior was not remote in time considering defendant's failure to live crime free since his release from prison. (See *People v. Williams* (1998) 17 Cal.4th 148, 163 [13 years between prior and current felony "not significant" because Williams did not refrain from criminal activity]; *Philpot, supra,* 122 Cal.App.4th at p. 906; *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

Defendant's previous employer, Trent Amen, considered him to be a " 'really good guy,' " Amen did not trust defendant to work on projects by himself—he made " 'bad decisions' " and had been "fired from every job in the past." Amen told probation that he would not hire defendant upon his release from custody. Although defendant claimed he did not have a substance abuse problem, his recent drug convictions in Utah belie his claim.

Defendant's reliance upon *Cluff, supra,* 87 Cal.App.4th 991 is misplaced. In *Cluff,* the court of appeal remanded for a new *Romero* hearing because the trial court based its denial of the *Romero* motion on a factually unsupported conclusion that the defendant had failed to update his registration in order to obfuscate his whereabouts when, actually, he was living at his last registered address. (*Cluff,* at pp. 1001-1004.)

4

*Cluff* does not support defendant's claim that the sentence in this case was not in furtherance of justice.

Here, the trial court denied defendant's *Romero* request based on factors supported by the record and well within its discretion. Defendant did not fall outside the spirit of the three strikes law. (*Carmony, supra,* 33 Cal.4th at p. 377; *Williams, supra,* 17 Cal.4th at p. 161.)

## DISPOSITION

The judgment is affirmed.


                                          RENNER                    , J.



We concur:



 BLEASE                    , Acting P. J.



 HULL                    , J.