Filed 6/8/16  P. v. Muschamp CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MERRILL OSCAR MUSCHAMP,<br><br>    Defendant and Appellant. | E064035<br><br>(Super.Ct.No. RIF1202091)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Merrill Oscar Muschamp appeals from a judgment of conviction for making criminal threats (Pen. Code, § 422)[1] and assault with a deadly weapon. (§ 245, subd. (a)(1).) The jury also found true a personal use enhancement alleged under section 12022, subdivision (b)(1). In bifurcated proceedings, the trial court also found true three prior prison term allegations charged under section 667.5, subdivision (b), and that defendant had suffered two prior serious or violent felony convictions within the meaning of the "Three Strikes" law, section 667, subdivisions (c) and (e)(2)(A), and section 1170.12, subdivision (c)(2)(A).

Following the latter findings, the trial court denied defendant's motion to strike one of the "strike" convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). It then sentenced defendant to a total term of 29 years to life in state prison. The judgment is affirmed.

I

STATEMENT OF FACTS

Defendant resided in a home along with his mother, a married couple, and the victim and her toddler daughter. One morning the child's mother brought her downstairs for breakfast. The baby was crying and defendant cursed at her to be quiet—"shut the fuck up." The child's mother responded in kind and defendant began moving closer to her, looking very angry. Defendant threatened to "bust" her head open with a shoe and

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

then threatened to stab or kill her and fetched a knife from the dishwasher. Defendant began to approach the victim with the knife held at waist level and pointing forward as he continued to curse and threaten the victim.

At this point defendant's mother intervened and pushed defendant back. The victim and the married couple then left the house and the victim called police.

Defendant's prior "strike" convictions were for assault with a caustic chemical (§ 244) in 2002 and arson (§ 451, subd. (d)) in 2000. The probation officer reported his additional criminal history as follows:

1988 misdemeanor battery (§ 242);

1989 misdemeanor receiving stolen property (§ 496);

1990 misdemeanor battery (§ 242) and misdemeanor false identification to a peace officer (§ 148.9);

1993 misdemeanor vandalism (§ 594, subd. (a));

1995 false identification to a peace officer (§ 148.9);

1996 misdemeanor forgery (§ 475, subd. (a));

1997 misdemeanor trespassing (§ 602, subd. (l)), obstructing an officer (§ 148), and vandalism (§ 594, subd. (a));

2000 misdemeanor obstructing an officer (§ 148);

2000 felony brandishing a firearm or deadly weapon to obstruct an officer (§ 417.8) and related charges in one case;

2002 obstructing an officer (§ 148) and associated charges;

2004 felony obstruction of an officer by threats or violence (§ 69);

2009 felony carrying concealed dirk or dagger (former § 12020, subd. (a)(4));

1996 felony hit and run (Veh. Code, § 20001);

2013 infraction wrong-side-of-road vehicle (Veh. Code, § 21650.1).

The probation officer's report also reflected that with respect to the 1996 conviction for forgery, defendant's probation was once revoked but reinstated. The 1997 trespassing conviction also resulted in a revocation and reinstatement. For the 2000 felony brandishing, repeated violations of probation eventually resulted in a prison commitment to be concurrent with the term imposed for the 2004 caustic chemical conviction. Following his parole, he was five times returned to custody. Defendant had also twice violated probation in the hit-and-run case.

In his *Romero* motion, defendant stressed that no one was injured and that the victim did not retreat until late in the incident. He pointed out that his "strikes" were 13 and 15 years old.

The motion also asserted (without any actual evidentiary support) that defendant's misconduct was primarily due to the murder of his twin brother in 1998,[2] at which time he began using controlled substances that "exacerbated an otherwise controlled mental health condition." Defendant had been "eager and motivated to get the appropriate treatment" but had difficulties doing so due to his custodial placement. After the caustic

---

[2] At the hearing on the *Romero* motion, as defense counsel began to speak, defendant interjected, "He wasn't murdered." After speaking with defendant, defense counsel altered his language to "passed away."

chemical incident (which is described as if defendant was unaware that the liquid he flung at the victim was in fact caustic), defendant has "struggled with and succumbed to his addiction . . . which has resulted in his subsequent convictions."

II

DISCUSSION

A. *Cruel and Unusual Punishment*[3]

Both the Eighth Amendment to the United States Constitution and article 1, section 17 of the California Constitution prohibit cruel and/or unusual punishment.[4]

As defendant argues, the subject clauses prohibit punishment which is disproportionate to a defendant's personal responsibility and moral culpability. (*Enmund v. Florida* (1982) 458 U.S. 782, 801.) However, states are permitted to enact harsh statutes directed at the recidivist who cannot, or will not, bring his or her conduct within social norms. (*Rummel v. Estelle* (1980) 445 U.S. 263, 284-285 (*Rummel*).) Under the federal Constitution, noncapital sentences are subject only to a narrow proportionality review, if any. (See *Ewing v. California* (2003) 538 U.S. 11, 23 (*Ewing*); see also conc. opn. of Thomas, J. at p. 32.) In *Ewing,* a case arising out of California's Three Strikes

---

[3] As the People point out, the argument that a sentence constitutes cruel and/or unusual punishment may be deemed waived if not raised in the trial court. However, to forestall any claim of ineffective assistance of counsel, we will address the issue on its merits. (See *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27.)

[4] The federal Constitution is framed in the conjunctive, the state provision in the disjunctive, but our Supreme Court has not construed the state provision as creating a different or broader definition. (See *In re Alva* (2004) 33 Cal.4th 254, 291.)

5

law, the court held that a sentence of 25 years to life imposed on a shoplifter with prior convictions for burglary and robbery was not "grossly disproportionate" so as to implicate the constitutional prohibition, given the defendant's long criminal history. (*Ewing*, *supra*, at pp. 28-31.)

Almost concurrently, the high court decided *Lockyer v. Andrade* (2003) 538 U.S. 63 (*Andrade*), which involved a defendant convicted of petty theft with a prior and sentenced as a third striker due to three prior residential burglary convictions. (*Andrade*, *supra*, at p. 68.) The court held that the California appellate decision rejecting an Eighth Amendment challenge neither contradicted nor unreasonably applied clearly established federal law as determined by the Supreme Court, and was therefore not subject to reversal. (*Andrade*, at pp. 77.)

Defendant argues that *Ewing* and *Andrade* do not control here because the defendants in those cases had more serious criminal history than he does. Even if we accepted this position, it is clear that any proportionality review under the federal Constitution is limited in scope. Defendant here had a prior felony conviction for actual violence (the caustic liquid assault) as well as numerous other convictions for assaultive or threatening conduct. He has repeatedly failed to follow probation or parole requirements and has shown no ability whatsoever to conform to social norms and expectations. Given the recognition in *Rummel* that a state may apply harsh measures to incorrigible recidivists, the sentence does not violate the federal Constitution.

Under California law defendant fares no better. In this state, a "proportionality" review begins with the three-pronged test set out in *In re Lynch* (1972) 8 Cal.3d 410, 425-427, which focuses on the nature of the offense and the offender, the punishment for more serious crimes in the same jurisdiction, and punishment for the same offense in other jurisdictions. As to the latter factor, defendant provides no information. And while it is true that a serious crime of violence such as second degree murder gives rise only to a 15-year-to-life term, this ignores the recidivism factor which, as we have noted, is a valid legislative concern. And we simply disagree with defendant that the sentence is unconstitutionally severe as to him, again relying on his past criminal history and failure to reform. Sentencing under the Three Strikes law has been upheld against such a challenge with respect to less serious current conduct, and is fully justified given defendant's armed assault on the victim here. (See *In re Coley* (2012) 55 Cal.4th 524, 561-562; *People v. Nichols* (2009) 176 Cal.App.4th 428, 435-437 [holding a three strikes life term not grossly disproportionate for a deliberate failure to register under former section 290]; *People v. Goodwin* (1997) 59 Cal.App.4th 1084, 1093-1094 [where the court reached the same conclusion as to a defendant whose current offense was essentially a shoplifting burglary].)

B. *Motion to Strike*

Defendant then argues that the court should have granted his motion to strike and sentenced him only as a second striker, in which position he could have received a term of at least 10 years. He acknowledges that the trial court's discretion in this respect is

very broad.  (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)  A trial court's refusal to strike a "strike" prior will only be reversed if it is clear that the defendant simply does not fall within the spirit of the three strikes scheme and intent.  (*People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Leonard* (2014) 228 Cal.App.4th 465, 502.)  Although we might agree with defendant that, in the words of Van Halen, "I ain't the worst that you've seen,"[5] his consistent pattern of behavior ranging from the obstreperous to the violent keeps him well within the proper scope of the Three Strikes law.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.

---

[5]  Quote from "Jump" by Van Halen
<https://www.google.com/#q=might+as+well+jump+lyrics>.