Filed 7/18/16  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069427 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF35170) |
| NICOLAS HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Nicolas Hernandez entered a plea of no contest to possession of an illegal substance in a state prison (Pen. Code,[1] § 4573.6, subd. (a)). Hernandez also admitted a serious/violent felony prior conviction (§ 667, subds. (b)-(i)). The remaining count was dismissed.

The trial court denied a defense motion to strike the serious/violent felony prior conviction and imposed a prison term of four years.

Hernandez appeals contending the trial court abused its discretion in denying his motion to strike the prior conviction. We are satisfied the trial court acted well within the range of its discretion and will affirm the judgment.

## STATEMENT OF FACTS

This case arises from a plea agreement with a stipulated factual basis.

On August 4, 2012, Hernandez was observed receiving contraband from a visitor and placing the substance in his mouth. Authorities later recovered heroin from Hernandez and both heroin and marijuana from the visitor.

## DISCUSSION

Hernandez contends the trial court abused its discretion when it denied his motion to strike the prior conviction. Essentially, he argues the court placed too much weight on the violent nature of his strike prior and did not give adequate weight to the mitigating factors. We disagree.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## A. Background

In 2008, Hernandez was convicted of armed robbery (§ 211). During the robbery Hernandez threatened the victim with a gun. He took money from the store, and from the victim as well. Hernandez was 18 years old at the time of the offense. According to the probation report, Hernandez was sentenced to a nine-year term.

While still in prison for the robbery, Hernandez committed the current offense in this case.

In his motion to strike the prior, Hernandez emphasized his youth at the time of the strike offense. He argued it was remote in time, having been committed in 2006. Hernandez contended he had prospects for a stable life and that the current offense was not violent. Accordingly, Hernandez claimed the court was obliged to strike the prior conviction.

## B. Legal Principles

In *People v. Superior Court* (*Romero*) (1994) 13 Cal.4th 497, 529-530, the court held that section 1385 permitted trial courts, in their discretion, to strike serious/violent felony prior convictions in the furtherance of justice. In *People v. Williams* (1998) 17 Cal.4th 148, 158, the court established some guidelines for the exercise of discretion in such cases. Specifically, the court in *Williams* held trial that courts, ruling on motions to strike serious/violent felony priors must consider the background of the defendant, the prospects for rehabilitation, the nature of the "strike" prior and the current offense. (*Id.* at pp. 160-161.) The trial court should determine whether "the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be

treated as though he had not been previously convicted of one or more serious/violent felonies." (*Id.* at p. 161.)

One of the factors the court can consider is whether the current or prior offenses involved violence. (*People v. Myers* (1999) 69 Cal.App.4th 305, 308-310.) The length of time between the strike prior and the current offense is also a proper factor for the trial court's consideration. (*People v. Bishop* (1997) 56 Cal.App.4th 1245, 1251.)

Even where there has been the passage of some time between the prior conviction and the current offense, the court may consider whether some, or all of that time included periods of incarceration, which would limit a person's ability to commit more crimes. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

When a sentencing court exercises its discretion in making a sentencing choice, we may not reverse such decision in the absence of a clear showing the trial court abused its broad discretion. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.)

### C. Analysis

The record clearly shows the trial court made a careful and detailed analysis of the merits of the motion to strike the prior conviction. The court considered the defendant's age at the time of the prior. It considered the absence of criminal history before the robbery and the nonviolent nature of the current offense.

The court however, was also aware that Hernandez had remained in custody from the time of his robbery conviction until the present crime, which was committed in prison. The court found the current offense required planning and sophistication and flatly rejected the defendant's self-serving explanation for the current offense.

4

Undoubtedly, the factor that tipped the scale in the trial court's analysis was the violent nature of the robbery. The court emphasized the violence of the offense and expressed that as a factor influencing the court.

Hernandez complains that the trial court gave too much weight to the facts of the prior. The court's sentencing choice is, of course, a classic exercise of discretion. That the defendant disagrees, or even if another court might have made a different decision, is not evidence of abuse of discretion. Here the court examined all of the factors for and against the motion. We cannot say the court was arbitrary, capricious, or unreasonable in its decision. In the last analysis, Hernandez committed a violent armed robbery, went to prison and while in prison engaged in planned smuggling of drugs into the prison. He then gave the court a self-serving justification for his new crime, which the court found to be false. The trial court's decision cannot be effectively challenged on this record.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


O'ROURKE, J.

5