Filed 5/18/22  P. v. Foster CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FLOYD FOSTER, JR.,<br><br>Defendant and Appellant. | F082714<br><br>(Super. Ct. No. F17906222)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Peña, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Floyd Foster, Jr., was convicted of two counts of felony driving while intoxicated and one count of driving without a license. He was found to have suffered two prior "strike" convictions within the meaning of the "Three Strikes" law (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and one "super strike" conviction (§ 667, subd. (e)(2)(C)(iv)), and he was found to have served two prior prison terms (§ 667.5, former subd. (b)). The trial court struck the super strike conviction but nevertheless sentenced defendant to 25-years-to-life sentences as a third-strike defendant. In the opinion on his first appeal, we concluded that (1) the trial court erred in sentencing defendant as a third-strike defendant and (2) his prior prison term enhancements were required to be stricken. We vacated his sentence and remanded to the trial court with direction to both "resentence[] [defendant] as a second-strike defendant" and to "conduct a full resentencing in light of the changed circumstances." On remand, the trial court conducted a full resentencing, declined to strike the prior strike convictions (including the super strike conviction that it previously struck), and again imposed 25-years-to-life sentences.

Now, in defendant's second appeal, he argues that (1) the sentence imposed by the trial court was inconsistent with the remittitur, and in the alternative, (2) the refusal to strike the super strike conviction was an abuse of discretion. We affirm.

## PROCEDURAL SUMMARY

The following procedural summary is taken from our prior opinion, *People v. Foster* (Feb. 8, 2021, F079672) [nonpub. opn.]:

> "On August 3, 2018, the Fresno County District Attorney filed an information charging defendant with felony driving with a blood-alcohol level of at least 0.08 percent (Veh. Code, § 23152, subd. (b); count 1), felony driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 2), and misdemeanor driving on a license suspended or revoked for driving under the influence of alcohol (Veh. Code, § 14601.2,

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

subd. (a); count 3). The information further alleged as to counts 1 and 2 that defendant had suffered three prior convictions for driving under the influence (Veh. Code, § 23550, subd. (a)) and three prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served two prior prison terms (§ 667.5, subd. (b)).

"On April 25, 2019, defendant pled no contest on count 3 but maintained his plea of not guilty on counts 1 and 2. On May 1, 2019, a jury found defendant guilty on counts 1 and 2.

"On May 8, 2019, in a bifurcated proceeding outside the presence of the jury, the trial court found true the allegations that defendant had suffered three convictions for driving under the influence and three prior strike convictions, and had served two prior prison terms. The prior strike convictions were for forcible rape in concert (§ 264.1), robbery (§ 211), and arson (§ 451, subd. (d)). The prior prison terms were served for convictions of receiving stolen property (§ 496, subd. (a)) and arson (§ 451, subd. (d)).

"On July 22, 2019, the trial court denied defendant's requests to reduce his prior felony DUI convictions to misdemeanors pursuant to section 17. The trial court further declined to strike defendant's prior strike convictions for arson and robbery, but did strike defendant's prior strike conviction for rape in concert pursuant to section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497[(*Romero*)]. The trial court then sentenced defendant to a term of 25 years to life plus two years as follows: on count 1, 25 years to life; on count 2, 25 years to life, stayed pursuant to section 654; and on count 3, credit for time served. The trial court also imposed two one-year prior prison term enhancements.

"On July 23, 2019, defendant filed a notice of appeal."

On April 12, 2021, the remittitur issued. The opinion concluded that defendant's prior prison term enhancements must be stricken and the trial court erred in sentencing defendant to 25-years-to-life sentences after having stricken the super strike conviction. The body of the opinion directed that "defendant's 25-years-to-life sentences on counts 1 and 2 must be vacated and he must be resentenced as a second-strike defendant" and explained that "[w]here a portion of a sentence is stricken, ' "a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances." ' [Citation.] On remand, the trial court [was]

3.

directed to conduct a full resentencing in light of the changed circumstances." The disposition stated only that "[d]efendant's sentence [was] vacated and the matter [was] remanded for resentencing." On remand, the trial court [was required to] strike defendant's prior prison term enhancements (§ 667.5, subd. (b)).

On remand, the trial court conducted a full resentencing, including reconsideration of its decisions regarding striking defendant's prior strike and super strike convictions. It declined to strike any of the prior strike convictions and sentenced defendant to 25 years to life as follows: on count 1, 25 years to life; on count 2, 25 years to life, stayed pursuant to section 654; and on count 3, credit for time served.

## FACTUAL SUMMARY

The following factual summary is taken from our prior opinion, *People v. Foster*, *supra*, (Feb. 8, 2021, F079672) [nonpub. opn.]:

> "On October 9, 2017, at 11:24 p.m., a Fresno County Sheriff's deputy initiated a traffic stop on a white SUV that defendant drove. The deputy smelled the odor of alcohol emanating from inside the vehicle and saw that defendant's eyes were watery and bloodshot. The deputy directed defendant to exit the vehicle and walk to the rear of the vehicle. As defendant walked the deputy noticed that defendant was unsteady and swayed back and forth.

> "On the same night, at about 11:55 p.m., a California Highway Patrol officer arrived to assist in the investigation. The officer noted defendant's speech was occasionally slurred and his breath smelled of alcohol. The officer then administered a field sobriety test, the result of which suggested that defendant was under the influence of a depressant. The officer also administered several breath tests which resulted in a blood-alcohol content of 0.116 at 12:11 a.m., 0.110 at 12:14 a.m., 0.10 at 12:25 a.m., and 0.10 at 12:28 a.m."

## DISCUSSION

### I. Resentencing Within The Scope Of The Remittitur

Defendant argues the trial court exceeded its authority under the remittitur by conducting a full resentencing—including reconsideration of its decision to strike prior

4.

strike convictions—in light of the direction in our prior opinion to "resentence[] [defendant] as a second-strike defendant."  The People disagree, arguing that this court's direction "to conduct a full resentencing" with citation to *People v. Buycks* (2018) 5 Cal.5th 857 at page 893, permitted the trial court full authority to reconsider its sentencing decisions.  We agree with the People.

"After the remittitur 'the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, *and all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted*.'  [Citation, italics added.] Thus, the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court*."  (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366; §§ 1260, 1265; *Rice v. Schmid* (1944) 25 Cal.2d 259, 263 [The trial court is bound by directions given by the appellate court "and has no authority to retry any other issue or to make any other findings.  Its authority is limited wholly and solely to following the directions of the reviewing court."].)

As the People correctly note, our prior opinion directed the trial court to conduct a full resentencing and cited *Buycks* in support of that direction.  Our Supreme Court explained the "full resentencing rule" in *People v. Buycks*, *supra*, 5 Cal.5th at p. 893: "We have held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances."  It further explained that the full resentencing rule anticipates that the trial court will have the authority to "modif[y] … every aspect of a defendant's sentence … [¶] … and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction."  (*Id.* at pp. 893–894.)  A trial court directed to conduct a full resentencing may appropriately reconsider its decision to strike a prior strike conviction.

The disposition of our prior opinion directed the trial court to conduct a resentencing after having directed that the full resentencing rule applied. The trial court followed our direction.[2]

## II.  Exercise Of Discretion In Refusing To Strike Prior Strike Convictions

Defendant contends that, even if the trial court acted within its jurisdiction under the remittitur to reconsider striking his prior super strike conviction, it abused its discretion in failing to strike that conviction pursuant to *Romero*, *supra*, 13 Cal.4th 497. Again, the People disagree, as do we.

### A.  Additional Background

At the original sentencing hearing on July 22, 2019, the trial court explained its decision to strike the prior super strike conviction but not defendant's two other strike convictions:

> "The Court's not inclined to grant 1385 relief as to the arson conviction and the reason being is that when this offense was alleged to have occurred, he was still serving the sentence for arson as a parolee.  For that reason, the Court denies the request to strike the arson conviction for which he was on parole when this offense was alleged to have occurred. The next prior strike is the robbery conviction from 1992.  And while true, this offense occurred some decades ago.  In the interim, [defendant] has not led a life free of crime.  The Court would not note that under 1385, the … Supreme Court has indicated under [*Romero*], … that a Court's discretion to strike a felony conviction allegation in the furtherance of justice is limited.  …  This standard requires consideration of both the constitutional rights of the Defendant and the interest of society represented by the People.  …  The Court should consider factors including the Defendant's background, the nature of his present offenses and other individualized considerations.  …  Afterwards, in *People v. Williams* [(1998)] 17 Cal.4th

---

[2]    The trial court commented that our opinion was "less than clear" and that "[t]here seems to be some conflict" in our opinion between our direction to sentence defendant as a second-strike defendant and to conduct a full resentencing.  Insofar as any conflict existed in our direction or the opinion was less than clear, the trial court correctly interpreted our intent.  As we noted, when a portion of a sentence is stricken, full resentencing is appropriate.  It was appropriate here.

148[(*Williams*)], a 1998 opinion from the Supreme Court. That Court explained Trial Courts should look at a Defendant's particular background, character, and prospects to determine whether a Defendant falls outside the scheme of the three Strikes Law in whole or in part. … Then again in *People v. Carmony* [(2004)] 33 Cal.4th[] 367[(*Carmony*)], the Supreme Court reiterated that, quote, 'the circumstances must be extraordinary by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous record, the continuation at which the law was meant to attack,' end quote.…

"Here, as it pertains to the robbery conviction, in 1992, the Court would note that [defendant] has not led a crime-free life in the interim and to the contrary, it's been replete with circumstances of offenses, most of these offenses except for 2005 conviction for receiving stolen property were misdemeanor offenses. For instance, he served six years in prison under a Rule 412 plea in '92. But then in 1995 after he got out of prison, he was involved in a vehicle evading. He had his sixth parole violation in 1996. He had his seventh parole violation in January of '97. He had his eighth parole violation in July of 1997. He had his ninth parole violation in April, 1998. He had his tenth parole violation in August, 1998. He had a misdemeanor marijuana possession Vehicle Code violation, 1999. He had his … first D.U.I. conviction in 1998, that's November. He had a misdemeanor causing fire to property offense in 2000. He had an obstructing, resisting or delaying a peace officer, 148 in 2000. He had a battery on a police officer in 2001, misdemeanor. He has a 2001 failure to register as a sex offender charged and pled as a misdemeanor, it appears. In 2001, he had the misdemeanor PC 148(a). In 2002, a 14601. Later in 2002, another 14601. Yet again in 2002, in December, another 14601. In 2003, a 14601. Then he went to prison for four years in 2005 for receiving stolen property. In 2008, he had his 11th parole violation. In 2009, he had his 12th parole violation. In 2010, he had his 13th parole violation. In … 2011, he had his 14th parole violation. And then he has a misdemeanor DV conviction, 273.5 in 2011. And in September of that year, he had his 15th parole violation. And in 2013, he gets his next D.U.I. conviction, misdemeanor. In 2014, he is again convicted of the arson for which he was on parole when this offense was alleged to have occurred, which he received two years in prison. In 2016, he had his next D.U.I. conviction. In 2017, he had his 16th parole violation. And in 2017, he got his next D.U.I. conviction. And then in 2017, it's October, he had his 17th parole violation. Unfortunately, it seems that he has not lived a crime-free life in the interim. I have to consider that. I'm also considering the fact that he does have some attributes. He's done some things to better himself. There

are some favorable things in his history, although I will tell you these favorable things seem to occur while he is in custody. He … does take advantage of programing, he seems to do well when he's in a controlled environment in that regard. And, in fact, the Court would note that he seems to not be able to do well when he's out on parole or when he's free from custody status. The Court is going to decline the request to strike the robbery conviction from 1992 finding that it would not be the furtherance of justice to do so under the circumstances here. The next consideration for the Court is 1385 … for the Penal Code Section 264.1 rape in concert conviction. And there was evidence submitted that he was a young man when this was alleged to have occurred and that his involvement was as an aiding and abetting rather than a direct perpetrator, if you will, although rape in concert necessarily applies that the person could be involved by their activity by something other than actually being a direct perpetrator here. But nonetheless, the Court's of the opinion that his conduct and his youth in that matter do warrant the consideration of striking under 1385 in furtherance of justice, the conviction for rape in concert from 1980. So, the Court does grant his request to strike.

"However, the Court is of the opinion that he is a third-strike Defendant because the Court cannot strike the historical fact that he was convicted of a sexually violent offense within the meaning of W.I.C. 6600 notwithstanding the 1385 relief of the conviction itself. So, he's still a third-strike Defendant."

At the sentencing hearing on remand from the prior appeal, the trial court conducted a full resentencing and again considered whether it should strike any of defendant's prior strike convictions:

"There is an argument to be made that the Court should again grant him relief under 1385 as to the superstrike and I did grant him, as stated, the reasons for the superstrike with the assumption and the misunderstanding, frankly, that he would still be sentenced as a third-strike Defendant. The Court's concern with [defendant] is that he doesn't do well unless he's in custody in a controlled environment. And that's evidenced by the fact that he is a recidivist offender. But even more so, he is a recidivist by virtue of the nature of the felony for which he comes before this Court again, and that is a DUI recidivist. Again, he's been told over and over and over again that driving under the influence is inherently dangerous to human life and yet he had continued to do that. And that is quite a concern for the Court. It's one thing to drink while you're on parole, and I'm quite certain that drinking on parole, at least for him,

8.

probably was a rule violation. It's another thing to drink and drive when you've been told not to do so repeatedly, and more so when you're on parole for a serious offense. He was on parole for—I'm sorry, for an arson offense. While the Court granted him 1385 relief as to the superstrike, it was of the ultimate opinion, however, that he should be sentenced as a third-strike Defendant and that was made very clear on the record. So, the Court is sentencing him anew, would decline his request for 17(b) and would decline his request for 1385 relief as to any of the prior super— superstrike or strike offenses that are charged in the information which were found true. Again, he is sentenced as a third-strike Defendant."

## B. Relevant Legal Principles

Section 1385 grants trial courts limited discretion to strike prior convictions in Three Strikes cases. Trial courts may strike prior felony conviction allegations in cases brought under the Three Strikes law in the furtherance of justice. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) In deciding whether to strike a prior conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

A trial court's denial of a *Romero* motion is subject to review for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th 367, 375.) The trial court's decision " ' " will not be reversed merely because reasonable people might disagree." ' " (*Id*. at p. 377.) " ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Ibid*.) In order to establish an abuse of discretion, the defendant must show the "decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid*.)

The Three Strikes law establishes that not striking a prior strike is the norm, and there is a "strong presumption that any sentence that conforms to [the] sentencing norm[] is both rational and proper." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

**C. Analysis**

Defendant contends that the trial court's refusal to strike his prior super strike conviction was an abuse of discretion because it previously struck the super strike conviction and provided no reasoned explanation for its departure from the prior ruling except to note that it had always intended to impose a life sentence.[3] The People argue that defendant's "lengthy and serious" criminal history and "blatant disregard for the law" justified the trial court's decision not to strike defendant's super strike conviction. We agree with the People. Based on the strong presumption against striking a prior strike conviction, defendant's lengthy criminal history, and defendant's apparent disregard for the law, undeterred by prior punishments, we conclude that the trial court did not abuse its discretion in refusing to strike defendant's prior super strike conviction.

As a preliminary matter, at no point did the trial court conclude that defendant falls outside the spirit of the Three Strikes sentencing scheme. As the trial court noted, it struck defendant's prior super strike conviction believing that, either way, it could sentence defendant as a third-strike defendant.

The trial court considered defendant's present felony conviction. It commented that defendant had "been told over and over and over again that driving under the

---

[3] In support of his position, defendant further notes that the People did not challenge the trial court's decision to strike the super strike conviction and we did not find fault with its exercise of discretion in our prior opinion. Neither argument is persuasive. The People likely did not challenge the trial court's prior decision to strike the super strike conviction because the trial court nevertheless imposed the maximum possible sentence. The silence of our prior opinion on the trial court's exercise of discretion in striking the prior super strike conviction was a reflection that no party raised the argument and this court did not consider it; it was not tacit approval for the decision.

influence is inherently dangerous to human life and yet he had continued to do that." That comment was consistent with its prior conclusion at the 2019 sentencing that defendant's continued decision to drive while under the influence showed that "he harbored … a disregard for human life." Indeed, defendant had previously been convicted of driving under the influence in 2013, 2016, and 2017, with another offense and a parole violation in the same period. He also suffered a driving under the influence conviction in 1999. Defendant suffering his fifth driving under the influence conviction "reveal[ed] that [he] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson." (*Williams*, *supra*, 17 Cal.4th at p. 163.) The court reasonably concluded that defendant's repeated driving under the influence offenses (the most recent of which was committed while on probation for driving under the influence and on parole) demonstrated that he was a dangerous recidivist offender who did not fall outside the spirit of the Three Strikes law.

Next, the court considered defendant's prior convictions. Defendant was first convicted of a crime in 1979. Since that time, defendant committed 23 criminal offenses, including three prior strike convictions. Specifically, defendant's convictions included battery, burglary, rape in concert with force and violence, robbery, evading a peace officer, driving under the influence of alcohol, arson, resisting a peace officer, battery of a peace officer or firefighter, failure to register as a sex offender, driving on a suspended or revoked license, receiving stolen property, and domestic violence. He also violated parole on 17 occasions. That criminal history led the trial court to comment that defendant had "not led a life free of crime" and "seem[ed] to not be able to do well when he[ was] out on parole or when he[ was] free from custody …." In fact, on average, defendant committed more than one offense or parole violation every year since 1979. Defendant's lengthy history of prior convictions weighed against granting his *Romero* motion.

Defendant relies on the trial court's comment from the 2019 sentencing that defendant "was a young man" when he committed the super strike conviction. However, "[i]n determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, as the trial court noted, defendant did not live a " 'legally blameless life' " after his prior strike conviction. (*Ibid*.) The age of the conviction and defendant's youth at the time of the prior super strike conviction did not support striking that conviction.

Defendant also draws our attention to the trial court's comment at the original sentencing hearing that defendant's involvement in the rape in concert conviction was as an aider and abettor rather than a direct perpetrator. That defendant was not the direct perpetrator of the offense was mitigating. Nonetheless, the offense was very serious and defendant's level of participation was sufficient for him to be convicted of a super strike offense.

Finally, little positive could be found in defendant's background, character, or prospects that could have supported striking defendant's prior super strike conviction. While the trial court noted that defendant had "done some things to better himself[,] … th[o]se favorable things seem[ed] to occur while he [was] in custody." In terms of defendant's prospects, based on defendant's lengthy criminal history, which included violence and repeated disregard for human life, the trial court could reasonably have concluded that defendant would have continued to commit dangerous criminal offenses if not sentenced as a third-strike defendant.

In view of the presumption against striking prior strike convictions, defendant's present and prior criminal convictions, and defendant's background, character, and prospects, the trial court's decision not to strike his prior super strike conviction was not so irrational or arbitrary that no reasonable person could agree with it.  We find no abuse of discretion.

## **DISPOSITION**

The judgment is affirmed.