Filed 3/3/25  P. v. Gurley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID NORMAN GURLEY,<br><br>        Defendant and Appellant. | A172260<br><br>(Riverside County<br>Super. Ct. No. RIF2102502) |

Defendant and appellant David Norman Gurley (appellant) appeals from the judgment following his conviction of first degree murder.  He contends the trial court erred in failing to conduct a *Marsden*[1] hearing based on comments he made at the sentencing hearing and in denying his *Romero*[2] motion to strike prior convictions.  We conditionally reverse with instructions that the trial court conduct a *Marsden* hearing.

PROCEDURAL BACKGROUND

In April 2023, a jury convicted appellant of first degree murder (Pen. Code, § 187, subd. (a))[3] and found true allegations that he personally and intentionally discharged a firearm and proximately caused great bodily

---

[1] (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).)

[2] (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).)

[3] All undesignated statutory references are to the Penal Code.

1

injury or death to another person (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)). Appellant subsequently admitted four prior convictions from 1986 and 1987 that qualified as "strike" offenses under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12). In October 2023, after denying appellant's *Romero* motion to strike the prior convictions, the trial court sentenced appellant to a total term of 100 years to life in prison. The sentence was comprised of 75 years to life for the murder count (25 years to life, tripled due to the strike priors) plus an additional 25 years to life for the firearm enhancement. This appeal followed.

## FACTUAL BACKGROUND

According to surveillance footage, at 12:25 a.m. in the early morning of June 2, 2021, the victim, Sydney Thompson, parked across the street from a tow yard where appellant worked and lived. At 12:30 a.m., appellant was dropped off at the tow yard and he subsequently approached the victim's car and engaged with the victim for about two minutes. Appellant then returned to the tow yard and entered the tow yard shop. At 12:47 a.m., footage showed appellant armed with a gun. At 12:57 a.m., appellant again approached the victim's car and interacted with the victim for about a minute before returning to the tow yard. After approaching the second time, appellant texted his boss saying, "I'm not calling you to see what you doing. This motherfucking African here." At 1:31 a.m., surveillance video showed appellant approach appellant's car a third and final time. Although not captured on video, twelve rounds were fired into the victim's vehicle. The victim exited the passenger side door but died on the ground from the gunshot wounds.

DISCUSSION

I.    *We Must Conditionally Reverse for a* Marsden *Hearing*

Appellant argues, and respondent agrees, that the trial court erred in failing to conduct a *Marsden* hearing based on comments appellant made at the time of sentencing.

In *Marsden, supra,* 2 Cal.3d 118, "the California Supreme Court held that the constitutional right of criminal defendants to the assistance of court-appointed counsel if they cannot afford private counsel encompasses the right to have their court-appointed counsel discharged and replaced by another one when the ' " 'failure to do so would substantially impair or deny the right' " ' to assistance of counsel.  [Citation.]  ' "A defendant is entitled to [this] relief if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citations]."  [Citations.]'  [Citation.] [¶] '[A] proper and formal' *Marsden* motion is not required—the defendant need only clearly indicate to the trial court 'in some manner' that he or she is requesting the discharge and replacement of the appointed counsel." (*People v. Armijo* (2017) 10 Cal.App.5th 1171, 1178 (*Armijo*).)  "The defendant's right under *Marsden* to seek the discharge and replacement of court-appointed counsel applies at all stages of a criminal proceeding.  The request thus may be made before or after a defendant is convicted." (*Id.* at p. 1179.)  "Most critically for purposes of [this] case, once the defendant clearly indicates to the trial court a request for the discharge and replacement of appointed counsel, the court must hold a hearing to allow the defendant to explain the basis for the request." (*Ibid.*)  "[T]he defendant must 'be given ample opportunity to explain and if possible to document the basis of his contention

3

[beyond the] bare complaint[s]' that counsel is not providing adequate assistance. [Citation.] Denial of that opportunity . . . is legal error that compels reversal of the defendant's conviction unless the record shows beyond a reasonable doubt that the error was harmless." (*Ibid.*)

In the present case, at sentencing, defense counsel stated that appellant "definitely wants to address the Court." Appellant explained, "I wanted to state to the Court that I was represented by ineffective assistance of counsel during my trial proceed[ings] from beginning to end . . . ." The court asked, " "[B]efore you go into the details, what are you asking me to consider?" Appellant responded, "I'm asking you to consider that I was represented by ineffective assistance of counsel, and I should be allowed the time to point that out to you after you get through taking care of what you need to take care of with the *Romero* motion." The court told appellant, "[R]ight now I do not have a motion before me in regards to the considerations you're asking the Court to consider. What I have before me is a *Romero* motion, and you are currently represented by counsel. I am ready to proceed on the *Romero* motion." Appellant pointed out that he was "allowed to address the Court by law," and the trial court asked appellant whether he was "seeking to represent [himself] for the sentencing and asking to relieve [defense counsel]?" Appellant responded, "No," but added that he had "filed a complaint with the bar to have [defense counsel] removed and have another attorney assigned."

The trial court stated, "I understand you feel that way. I don't have a motion in front of me to make a ruling right now. What I have is a *Romero* motion and sentencing. So I'm asking you how do you want to proceed? I do not have a motion to relieve. You're not asking me to relieve [defense counsel]. You would like to in open court argue a motion that is not pending

4

before me at this time." The court added that appellant had a right to appellate counsel and that any issues with the trial could be addressed on appeal. The court then proceeded to hear argument from counsel as to the *Romero* motion without holding a *Marsden* hearing.

We agree with the parties that the trial court erred in failing to conduct a *Marsden* hearing. Appellant was not obliged to make a formal *Marsden* motion, and, as respondent admits, appellant's "exchange with the trial court prior to sentencing triggered his right to a *Marsden* hearing." We agree with respondent's reasoning that "[a]ppellant stated his trial attorney was ineffective and later claimed to have filed a complaint with the state bar seeking to relieve his attorney and replace him with substitute counsel. [Citation.] This was sufficient to put the court 'on notice' that appellant was requesting substitute counsel, and the trial court should have thereafter permitted appellant to explain the basis for his request. Further, . . . the fact that appellant stated that he did not wish to 'represent himself' at sentencing does not negate his expressed desire to be represented by substitute counsel, as appellant may have desired substitute counsel but nevertheless desired keeping his current attorney over no attorney at all."

We also agree with the parties that the error was not harmless beyond a reasonable doubt. As in *Armijo*, it is possible that appellant "may not have been able to show at a *Marsden* hearing either the inadequacy of representation . . . or an irreconcilable conflict . . . . However, . . . we do not know what other evidence [appellant] could have offered had he been afforded a *Marsden* hearing." (*Armijo, supra*, 10 Cal.App.5th at p. 1183.) We agree with respondent that the proper disposition is a conditional reversal. We direct the trial court to conduct a *Marsden* hearing; if the court finds that appellant "demonstrated ineffective assistance or an irreconcilable conflict,

5

the court shall appoint new counsel to assist" appellant in filing any "motions newly appointed counsel may deem appropriate." (*Armijo*, at pp. 1183–1184.)[4] "[T]he trial court shall reinstate the judgment if (1) the court finds after the *Marsden* hearing that [appellant] failed to demonstrate ineffective assistance or an irreconcilable conflict, or (2) the court grants [appellant's] request for substitute appointed counsel, but either substitute counsel declines to file" any motion or the court denies any motion that is filed. (*Armijo*, at pp. 1183–1184; see also *People v. Sanchez* (2011) 53 Cal.4th 80, 92–93 [approving similar disposition].)

II.   *Appellant Has Not Shown the Trial Court Abused its Discretion in Denying His* Romero *Motion*

Appellant contends the trial court erred in denying his *Romero* motion to strike his four prior strike convictions. In *Romero*, *supra*, 13 Cal.4th at p. 504, the California Supreme Court held that a trial court may strike such convictions under section 1385, subdivision (a), "in [the] furtherance of justice." Dismissal is warranted if "in light of the nature and circumstances of [the] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects," the defendant may be deemed outside the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) The trial court's decision is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

In the present case, defense counsel argued that appellant's prior strike convictions were remote and that his subsequent offenses, until this case, had

---

[4] Our ruling upholding denial of appellant's *Romero* motion (see Part II, *post*) would not preclude any substitute appointed counsel from filing a new *Romero* motion if appellant's *Marsden* motion were granted on remand.

6

been "petty" or "nonviolent drug-related" offenses. Defense counsel also argued it was significant that appellant did not commit crimes while in prison. The prosecutor argued that appellant's criminal history showed a pattern of committing offenses, violating parole, and being returned to prison. The trial court denied appellant's *Romero* motion, reasoning that the current offense was "as serious as they get" and that appellant's prior strike offenses involved multiple victims. The court acknowledged the offenses were "old," but the court observed that appellant had not "remained free from custody for any substantial amount of time," that appellant repeatedly committed offenses while on parole, and that he was on postrelease community supervision at the time of the current offense.

The trial court did not abuse its discretion. Although the remoteness of the strike offenses was an appropriate consideration, appellant cites no authority that a court is obligated to grant a *Romero* motion where the strike priors are remote or subsequent offenses (before the most recent one) are nonviolent. Neither does appellant cite authority that a trial court is obligated to grant such a motion where several (but not all) of the strike priors arose out of the same incident.[5] Here, the trial court appropriately gave significant weight to the seriousness of the present offense and appellant's repeated offenses following release from custody—including the current offense, committed while appellant was on postrelease community supervision. The court also reasonably discounted the remoteness of the strike offenses due to the undisputed circumstance that appellant had no substantial crime-free period outside of confinement. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [reversing striking of a 20-year-old prior

---

[5] Three of the four prior strike convictions arose out of the same incident.

where there had been no "crime-free cleansing period of rehabilitation"].)[6] Appellant has not shown the trial court abused its discretion in concluding he was not "outside the . . . spirit" of the Three Strikes law. (*Williams*, *supra*, 17 Cal.4th at p. 161.)

## DISPOSITION

The judgment is conditionally reversed and the case is remanded with directions to the trial court to hold a *Marsden* hearing, and, if appellant's request for substitute counsel is granted, to appoint new counsel to assist appellant and to entertain such motions as newly appointed counsel may file. The court shall reinstate the judgment if: (1) appellant's request is denied, or (2) the request is granted but substitute counsel declines to file any motion, or the court denies any motion filed.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A172260)

---

[6] Contrary to appellant's suggestion, the trial court was not obligated to give substantial weight to the circumstance that appellant was not convicted of offenses while incarcerated from 2011 to 2019. The court could reasonably conclude that living crime-free out of prison is more indicative of rehabilitation.