Filed 10/16/24  P. v. Leaton-Gomez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICO RICHARD LEATON-GOMEZ,<br><br>Defendant and Appellant. | A168632<br><br>(Sonoma County<br> Super. Ct. No. SCR-757135-1) |

After a jury convicted defendant Rico Richard Leaton-Gomez of carjacking and assault, he filed a combined motion to dismiss his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), and to dismiss the sentencing enhancements pursuant to Penal Code[1] section 1385, subdivision (c) (hereafter section 1385(c)).  The trial court denied his motion and sentenced him to 26 years in prison.  On appeal, defendant argues the trial court abused its discretion in denying the motion. We affirm.

## I.  BACKGROUND

In October 2022, 67-year-old John Doe was seated in his parked truck when defendant walked up to him and asked a question using Spanish and

---

[1] Undesignated statutory references are to the Penal Code.

1

English words. Doe did not understand defendant, and he replied, "no comprende." Defendant walked away but then he returned and said something about Doe's truck, to which Doe replied the truck was not for sale. Defendant walked away, but then he again returned to Doe's truck, put his bag in the bed of the truck, walked to the driver's door which had the window open, and, without saying anything, punched Doe in the head. When Doe attempted to exit the truck to defend himself, defendant pulled him out and hit Doe a couple more times. Doe wound up on the ground in the middle of the street. Defendant then drove the truck a short distance before abandoning it to flee on foot. Doe was taken to the hospital where he was treated for a significant laceration through his ear, two black eyes, a broken nose, and two lacerations on the back of his head which required staples.

In April 2023, the People charged defendant by felony information with carjacking (§ 215, subd. (a)), with enhancements alleged for inflicting great bodily injury (§ 12022.7, subd. (a)), committing a violent crime on a vulnerable victim (§ 667.9, subd. (a)), and inflicting great bodily injury on a vulnerable victim (§ 1203.09, subd. (a)). Defendant was also charged with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), with an enhancement alleged for inflicting great bodily injury (§ 12022.7, subd. (a)). The information further alleged that defendant's 2016 conviction for assault with a deadly weapon constituted a prior strike (§§ 667, subds. (d), (e), 1170.12, subds. (b), (c)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

In June 2023, a jury found defendant guilty of both charges and found true the enhancements for inflicting great bodily injury and committing the offense on a vulnerable victim. In July 2023, after a bifurcated bench trial, the trial court found that defendant suffered a prior strike conviction.

Prior to sentencing, defendant filed a combined *Romero* motion[2] and sentencing memorandum urging the court to dismiss his prior strike conviction and the sentencing enhancements. As to the *Romero* motion, defendant argued the prior strike was remote in time—over seven years old—and was committed when he was 21 years old; and other than his 2016 strike offense and a 2019 offense, his criminal history mainly consisted of misdemeanor theft and substance abuse-related convictions, "indicating a young man with a robust substance abuse issue, as opposed to a hardened criminal beyond rehabilitation." Defendant described his personal history, explaining he was placed in foster care when he was two years old and began abusing alcohol and drugs when he was twelve years old. He had not participated in a residential treatment program, which was now what he desired so he could be a productive member of the community. He had been accepted into a program but needed his prior strike stricken in order to participate. The People opposed defendant's motion.

Defendant also moved to dismiss the sentencing enhancements pursuant to section 1385(c). He argued that three mitigating circumstances enumerated in section 1385, subdivision (c)(2) applied: multiple enhancements were alleged (§ 1385, subd. (c)(2)(B)); application of an enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)); and the enhancement is based on a prior conviction that is over five years old (§ 1385, subd. (c)(2)(H)). The People opposed, arguing that dismissing the enhancements would endanger public safety.

---

[2] Before trial, defendant had filed a *Romero* motion to dismiss his prior strike, which the People opposed. The trial court found the motion to be premature and denied it.

3

The trial court denied defendant's motion. In ruling, the trial court stated it had reviewed, among other things, the briefing and the presentence report for the current offense as well as prior presentence reports. In deciding the *Romero* motion, the court explained it considered the current offense and reviewed defendant's criminal history, personal history, and personal prospects. The court considered the spirit of the "Three Strikes" law and whether it served the interests of justice to strike defendant's prior strike. Based on those considerations, the court denied the *Romero* motion. The court also denied defendant's motion to dismiss the enhancements. While acknowledging that defendant had asserted that certain mitigating circumstances were present, the court found that dismissal of any enhancements "would endanger public safety and [was] not in the interest of justice."

The trial court proceeded to sentence defendant to prison for 26 years. As relevant here, on the carjacking conviction, the court imposed the upper term of nine years, doubled to 18 years due to the prior strike. Additionally, the court imposed three years for the great bodily injury enhancement and five years for the prior serious felony conviction enhancement.

## II. DISCUSSION

Defendant argues the trial court abused its discretion in refusing to dismiss (1) the prior strike conviction, and (2) the five-year enhancement. We disagree.

### A. Romero *Motion*

Defendant contends the trial court abused its discretion in denying the *Romero* motion to dismiss his prior strike conviction.

"California's 'Three Strikes' law applies to a criminal defendant who is currently charged and convicted of a felony and who has previously been

4

convicted of one or more serious or violent felonies." (*In re Coley* (2012) 55 Cal.4th 524, 528.) But this scheme does not eliminate a court's discretion to dismiss a defendant's prior strike conviction. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) Either on the court's own motion or on application of the prosecuting attorney, the court may order a prior strike conviction dismissed "in furtherance of justice." (§ 1385, subd. (a); *People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).)

"A [sentencing] court's discretion to strike prior felony conviction allegations in furtherance of justice is limited." (*Romero*, *supra*, 13 Cal.4th at p. 530.) It "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Given the "strong presumption" that any sentence imposed in conformity with the Three Strikes law is rational and proper, a trial court abuses its discretion in denying a *Romero* motion only in limited circumstances—e.g., where the court was unaware of its discretion to dismiss or considered impermissible factors, or where applying the Three Strikes law to a set of facts would produce an arbitrary, capricious, or patently absurd result. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) In short, it is not enough to show that reasonable minds might disagree; where the record is silent or " '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled

5

differently in the first instance.' " (*Ibid.*) It is defendant's burden to show the trial court abused its discretion. (*Id.* at p. 376.)

Here, defendant has not met his burden of demonstrating that the trial court abused its discretion in refusing to dismiss his prior strike conviction. Defendant's prior strike was a 2016 conviction for assault with a deadly weapon—he stabbed the victim. Defendant concedes that offense was "unquestionably serious," but asserts his criminal record "is primarily made up of misdemeanor and minor felony convictions." Defendant has not, however, led a " 'legally blameless life' " since his 2016 strike. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; *ibid.* [where the defendant led "a continuous life of crime after the prior, there has been no 'washing out' "].) While on parole for his 2016 strike conviction, he violated parole 11 times, including violations for new criminal convictions. In 2019, he was convicted of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) for hitting the victim—a random stranger—in the head with a gun, rendering him unconscious. He committed the current offense while on post release community supervision for his 2019 felony assault conviction. This history "suggests either an inability or unwillingness to follow the law and does not reflect well on his prospects." (*In re Large* (2007) 41 Cal.4th 538, 552.)

Defendant also argues that his age at the time of the prior strike offense—21 years old—should be recognized as a mitigating factor. (See Cal. Rules of Court, rule 4.423(b)(6) [that the defendant was under 26 years old at the time of the offense is a mitigating factor].) Defendant's *Romero* motion included this information and nothing in the record suggests that the trial court did not consider defendant's age at the time of the 2016 offense. Additionally, only six years elapsed between the prior strike offense and the

current offense. Courts have not abused their discretion in refusing to dismiss prior strike convictions much more remote in time. (See, e.g., *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [30-year-old strikes].)

Defendant further focuses on his personal background and substance abuse issues. The presentence report included the following information: Defendant was exposed to drugs in utero and at some point entered child protective services care. He started consuming alcohol and using marijuana and cocaine when he was 12 years old, and he began using methamphetamine at 16. Defendant stated he had used methamphetamine on the day of the current offense. He spoke about his interest in participating in substance abuse treatment and advised probation that he had been accepted into a residential treatment program. His prior experiences with treatment, though, were unsuccessful—he had entered two different treatment programs in 2018 but left both after one day. While he was in custody for the current offense, defendant was found with "jail made alcohol." Despite his claimed desire to participate in substance abuse treatment, his past failures with treatment, his possession of alcohol while in custody, and his drug use on the day of the current offense demonstrate a failure to successfully rehabilitate. (See *People v. Philpot* (2004) 122 Cal.App.4th 893, 906 [court affirmed denial of *Romero* motion where "prior rehabilitative efforts have been unsuccessful" and "defendant's prospects for the future look no better than the past, in light of defendant's record of prior offense and reoffense and his underlying drug addiction"].)

Finally, defendant asserts the trial court could have imposed a lengthy prison term even without the prior strike conviction. Implied in this statement is an argument that a court should dismiss a prior strike when it could impose a lengthy sentence without it. Defendant cites no authority to

support this contention.  (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [when an appellant fails to support a point with reasoned argument and citations to authority, we treat the point as waived].)  He has therefore failed to demonstrate that whether a comparable sentence was available to the trial court is relevant to a *Romero* inquiry.

The record indicates the trial court considered the relevant facts and reached an impartial decision.  (See *Carmony*, *supra*, 33 Cal.4th at p. 378.)  Defendant failed to demonstrate that the court's decision was irrational or arbitrary.  (See *id*. at p. 376.)  Accordingly, the trial court did not abuse its discretion in denying defendant's *Romero* motion.

## B. *Motion to Dismiss Five-Year Enhancement*

Defendant next contends the trial court abused its discretion under section 1385(c) when it denied his motion to dismiss the five-year enhancement imposed under section 667, subdivision (a)(1).

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to add subdivision (c), which states, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.)  In exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)  Two

of the mitigating circumstances are: "Multiple enhancements are alleged in a single case," in which case "all enhancements beyond a single enhancement shall be dismissed" (§ 1385, subd. (c)(2)(B)); and the "application of an enhancement could result in a sentence of over 20 years," in which case "the enhancement shall be dismissed" (§ 1385, subd. (c)(2)(C)). A trial court's denial of a motion to dismiss a sentence enhancement under section 1385 is reviewed for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

Defendant contends that section 1385(c) creates a presumption in favor of dismissing enhancements where any of the enumerated mitigating circumstances are present. Because two mitigating circumstances were present here, he contends that the trial court's alleged failure to consider them and failure to apply this supposed presumption constitute an abuse of discretion. The California Supreme Court recently rejected defendant's reading of section 1385. In *People v. Walker* (2024) 16 Cal.5th 1024, 1033 (*Walker*), the court held that section 1385, subdivision (c)(2) does not create a rebuttable presumption in favor of dismissal.[3] "[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Walker*, at p. 1029.)

---

[3] The Supreme Court decided *Walker* after this appeal was fully briefed. In his briefing, defendant based his argument that section 1385(c) creates a presumption in favor of dismissing enhancements on the Second District Court of Appeal's opinion in *People v. Walker* (2022) 86 Cal.App.5th 386, affd. but criticized by *Walker*, *supra*, 16 Cal.5th 1024. He recognized that the appellate courts were divided on the issue and asked this court to follow the Second District's opinion, which he acknowledged was on review with the Supreme Court.

Further, defendant ignores the "endanger public safety" provision of section 1385, subdivision (c)(2). It provides that a court "shall consider and afford great weight to evidence" which proves that "any of the [enumerated] mitigating circumstances" are present. (*Ibid.*) Such proof "weighs greatly in favor of dismissing the enhancement, *unless* the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*, italics added.) "That provision means that if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296.) *Walker* supports this interpretation. There, the Supreme Court stated, "[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements." (*Walker*, *supra*, 16 Cal.5th at p. 1029, italics added.) " '[I]f the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors." (*Id.* at p. 1033, quoting *People v. Mendoza*, at p. 297, fn. 6.) Here, the trial court acknowledged that defendant claimed that certain enumerated mitigating circumstances were present, but it found that dismissing any of the enhancements "would endanger public safety" and thus was "not in the interest of justice." Defendant does not challenge the court's determination that dismissal would endanger public safety and, therefore, he failed to meet his burden of demonstrating the court abused its discretion. (See *Carmony*, *supra*, 33 Cal.4th at p. 376.)

## III.  DISPOSITION

The judgment is affirmed.

LANGHORNE WILSON, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A168632
*People v. Leaton-Gomez*