Filed 1/29/26  P. v. Limon CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B342397 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA072152) |
| v. | |
| ARNO SACRAMENTO LIMON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Vacated and remanded.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

In 2006, a jury convicted defendant and appellant Arno Sacramento Limon of one count each of first degree murder (Pen. Code, § 187, subd. (a))[1] and premeditated and deliberate attempted murder (§§ 187, subd. (a), 664), and the trial court sentenced him to 117 years to life in prison. In 2024, the court resentenced him under section 1172.75, reducing his aggregate sentence to 80 years to life. Limon contends the superior court abused its discretion in imposing the new sentence. He argues the court failed to sufficiently consider his post-conviction good conduct when it denied his motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike one of his prior strikes for purposes of sentencing. In addition, he argues the court erred by refusing to reexamine the jury's finding that he committed his offenses for the benefit of a criminal street gang (§ 186.22) in light of subsequent legislation restricting the application of gang enhancements.

We disagree with Limon's first claim but agree with his second, and accordingly we vacate the court's new sentencing order. Before the court addresses the gang finding, however, it must verify that Limon's name appeared on a list provided by the Department of Correction and Rehabilitation (CDCR) and that it thus has jurisdiction to resentence him.

**FACTUAL BACKGROUND AND PRIOR PROCEEDINGS**

This case arises from a 2005 encounter between Limon and two strangers outside a drug store in Pomona. Limon asked the two men where they were from, and they responded that they were OAG (Original Asian Gang). The two men entered the

---

[1] Unspecified statutory references are to the Penal Code.

store, and Limon, who was a member of the rival 12th Street gang, remained outside and spoke with an associate on a bicycle. When the two OAG members exited the store, the man on the bicycle shot them, killing one and wounding the other. A full account of the facts of the case can be found in our opinion affirming Limon's convictions on direct appeal (*People v. Limon* (Aug. 22, 2007, B193220) [nonpub. opn.]).[2]

In addition to convicting Limon of first degree murder (§ 187, subd. (a); count 1) and premeditated and deliberate attempted murder (§§ 187, subd. (a), 664; count 2), the jury found that a principal personally and intentionally discharged a firearm causing death and great bodily injury (§ 12022.53, subd. (d)), and that the offenses were gang related (§ 186.22, subd. (b)(1)(A)). On count 1, the court sentenced Limon to a base term of 25 years to life, doubled because Limon had suffered a prior strike offense (see §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus an additional 25 years to life for the firearm enhancement, plus five more years under section 667, subdivision (a)(1) for a prior serious felony conviction, plus one additional year under section 667.5, subdivision (b) for a prior prison term. On count 2, the court imposed a base term of 15 years to life rather than the otherwise-applicable term of seven years to life because Limon committed the offense for the benefit of a criminal street gang. (See §§ 186.22, subd. (b)(5), 187, subd. (a), 664, subd. (a).) The court doubled that term because of Limon's prior strike

---

[2] We recently issued a second opinion in Limon's case addressing his petition for post-conviction relief under section 1172.6. (*People v. Limon* (July 16, 2025, B337656) [nonpub. opn.].) The issues in the current appeal have nothing to do with those in Limon's section 1172.6 appeal.

conviction, and added six years of enhancements under sections 667 and 667.5, just as in count 1.  This resulted in an aggregate sentence of 117 years to life in prison—81 years to life on count 1, and a consecutive term of 36 years to life on count 2.

In 2019, the Legislature enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1), which eliminated the one-year enhancement for prior prison terms under section 667.5, subdivision (b) except in the case of defendants whose prior prison term was imposed for a sexually violent offense.  Two years later, the Legislature enacted section 1172.75, which declared all existing enhancements imposed under section 667.5, subdivision (b) invalid except when the enhancement was imposed for a prior conviction for a sexually violent offense, and created a mechanism for eliminating the invalid enhancements from sentences of defendants in custody.  (Sen. Bill No. 483 (2021-2022 Reg. Sess.); Stats. 2021, ch. 728, § 3.)

In April 2024, Limon filed a motion requesting that the superior court strike the section 667.5, subdivision (b) enhancements and resentence him under section 1172.75.  After a hearing, the court recalled Limon's sentence and struck the two invalid enhancements.  The court also stayed the weapon enhancement under section 12022.53, subdivision (d), and elected not to impose the five-year enhancement under section 667, subdivision (a)(1) for Limon's prior serious felony conviction.  The court reimposed the base term of 25 years to life for murder and 15 years to life for deliberate and premeditated attempted murder for the benefit of a criminal street gang.  Both of those terms were doubled because of Limon's prior strike conviction, yielding a new aggregate sentence of 80 years to life.

4

# DISCUSSION

## A. The Trial Court Must Verify its Jurisdiction by Determining Whether the CDCR Identified Limon for Resentencing

Before we evaluate the merits of Limon's arguments, we first address the superior court's jurisdiction to vacate his original sentence and resentence him.

" '[A] trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant.' " (*People v. King* (2022) 77 Cal.App.5th 629, 636.) The Legislature may restore jurisdiction to the trial court by enacting a statute allowing defendants with final convictions to petition for resentencing, and indeed, has done so several times. (*Id.* at p. 637, citing §§ 1170.126, 1170.18, former § 1170.95, subsequently recodified as § 1172.6.)

The Legislature did not create a right for defendants to petition for resentencing in section 1172.75. Instead, it required the secretary of the CDCR and the county correctional administrator of each county to initiate the resentencing process by "identify[ing] those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement . . . and . . . provid[ing] the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (*Id.*, subd. (b).) The deadline to provide such a list was March 1, 2022, for certain defendants potentially eligible for immediate release, and July 1, 2022, for all other inmates. (*Id.*, subds. (b)(1) & (2).) Absent action by the CDCR, the trial court lacks

5

jurisdiction to entertain a defendant's motion for resentencing. (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448; *People v. Burgess* (2022) 86 Cal.App.5th 375, 381; see also *People v. Newell* (2023) 93 Cal.App.5th 265, 268; but see *People v. Cota* (2025) 112 Cal.App.5th 1118, 1129-1131 [superior court has jurisdiction to resentence a defendant if the CDCR includes the defendant in a list of eligible inmates but fails to forward the list to the superior court], review granted Oct. 1, 2025, S292637.)

In Limon's motion for resentencing, his attorney stated that she "believe[d] the [s]ecretary of the [CDCR] . . . and the county correctional administrator identified [Limon] as a person in their custody serving a sentence that includes a[ now-invalid] enhancement," but she included no evidence of such an identification. In his opening brief in this appeal, Limon acknowledged that "[i]t is unclear from the existing appellate record whether the [CDCR] had identified [him] as being subject to this resentencing process and then referred him to the trial court for resentencing." In their appellate brief, the People state that they do "not challenge the superior court's jurisdiction or [the Court of Appeal]'s jurisdiction because respondent's counsel has independently verified with the CDCR that [Limon] was on one of the 2022 lists of possibly qualifying inmates that the CDCR provided to the Los Angeles County Superior Courts in 2022." Once again, however, the People have provided no documentation of Limon's presence on any such list.

Thus, the record before us does not establish that the superior court had jurisdiction to resentence Limon under section 1172.75. Any action taken without fundamental jurisdiction is "void, not simply voidable." (*People v. Boyd* (2024) 103 Cal.App.5th 56, 71.) Prior to taking any further action on

6

remand, therefore, the court must first determine whether the CDCR in fact placed Limon's name on a list of defendants potentially eligible for resentencing.[3]

B. **The Trial Court Did Not Err by Failing to Consider Limon's Post-conviction Conduct**

At the resentencing hearing, Limon made a *Romero* motion (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497) requesting that the court disregard his prior strike conviction for purposes of sentencing. He now contends the court abused its discretion when it denied the motion because it "limited its analysis to factors existent at the time of original sentencing . . .

---

[3] The record indicates that Limon's prior convictions were for robbery (§ 211) and false imprisonment (§ 236), neither of which is a sexually violent offense. (See § 1172.75, subd. (a); Welf. & Inst. Code, § 6600, subd. (b).) Thus, so far as we can see, Limon's section 667.5 sentence enhancements are "legally invalid." (§ 1172.75, subd. (a).) The question of how the trial court should proceed upon remand if it turns out that the CDCR failed to put Limon's name on a list of inmates potentially eligible for resentencing under section 1172.75 is not before us. Nevertheless, to avoid confusion, nothing in this opinion implies that Limon would be definitively barred from relief in that event. As the court explained in a similar circumstance in *People v. King*, *supra*, 77 Cal.App.5th 629, "[t]he unavailability of a motion procedure does not deprive wrongfully incarcerated defendants of a remedy. A defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus." (*Id.* at p. 640.) Alternatively, section 1172.1 provides jurisdiction to resentence a defendant upon recommendation by certain governmental authorities or, following an ameliorative change in the relevant sentencing laws, on the court's own motion. (See *King*, *supra*, at p. 641.)

without any meaningful consideration of [his] *post*-conviction actions and performance during the intervening 20 years of his incarceration."

Limon is correct that the full resentencing rule applies to proceedings under section 1172.75. (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 877.) Under this rule, "the resentencing court has jurisdiction to modify *every* aspect of the sentence" (*People v. Buycks* (2018) 5 Cal.5th 857, 893) and may "revisit all prior sentencing decisions" (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425). In particular, the court may consider any "changed circumstances" since the original sentencing hearing. (*People v. Navarro* (2007) 40 Cal.4th 668, 681.)

We see no indication, however, that the court failed to follow this law in resentencing Limon. At the outset of the hearing, the court stated that Limon "is entitled to a full re-sentencing" and that it "has read the motion and heard the arguments." The court also stated that it had "weighed in" its sentencing decision the evidence Limon submitted regarding his conduct in the years following his conviction. The court found the evidence of Limon's rehabilitation unconvincing because he participated in "minimal programming" while in prison, and did so only after he became eligible for resentencing: "I'm concerned in regards to how much or how little he did prior to that."

Limon focuses on another statement the court made during the hearing. In explaining why it was denying the *Romero* motion, the court said, "I understand that [the strike] is old now, but I don't think that the fact that he had been in prison this entire time should affect the old—the analysis in looking at the age of a strike. And as I indicated, he was [o]n parole for that at

8

the time he was involved in what ended up being a murder[ and] an attempted murder in a gang situation."

The court was speaking extemporaneously, and its language may have been imprecise, but its point was clear enough. The court acknowledged that Limon's prior strike offense was remote in time, but it concluded this did not assist Limon because he committed his current offenses while on parole, and then spent the following 18 years leading up to the resentencing hearing in prison. The remoteness of a prior strike is "a factor in mitigation" (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1141), but only where the defendant lives a crime-free life after committing it. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) In the court's view, Limon still merited a second-strike sentence because he had not shown he was able to live outside prison without committing further offenses. We see no error in the court's analysis.

## C. The Trial Court Erred by Refusing to Reconsider the Gang Enhancement

Limon contends the superior court erred by refusing to reconsider the jury's finding that he committed his crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)) when resentencing him. The People concede that Limon is correct, and we concur.

As noted above, Limon's original sentence was based in part on the jury's finding that he committed the offenses for the benefit of a criminal street gang. Without that finding, his sentence for premeditated and deliberate attempted murder would have been life with the possibility of parole after having served seven years. (See §§ 664, subd. (a), 3046, subd. (a)(1).) Because of the gang finding, however, his sentence for attempted

9

murder required that he serve at least 15 years prior to any parole. (See § 186.22, subd. (b)(5).)[4]

In 2021, the Legislature enacted Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) (Assembly Bill 333), which, effective January 1, 2022, restricted the circumstances in which gang enhancements under section 186.22 apply. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.) In resentencing proceedings under section 1172.75, "[t]he court shall . . . apply any . . . changes in law that reduce sentences" (*id.*, subd. (d)(2)), and Limon argued that in light of the amendments to section 186.22, "a retrial on the gang allegation is necessary." The superior court disagreed, concluding "[t]he gang enhancement has been found to be true" and that a retrial was not warranted.

Two months after the resentencing hearing, the Supreme Court held in *People v. Lopez* (2025) 17 Cal.5th 388 that Assembly Bill 333's substantive amendments to section 186.22 apply retroactively to defendants whose convictions are not final. (*Lopez, supra*, at pp. 392-393.) Even if a defendant's conviction became final years ago, if his sentence is vacated as a result of subsequent legislation, it "bec[omes] nonfinal" for purposes of resentencing. (*People v. Padilla* (2022) 13 Cal.5th 152, 162; accord, *Lopez, supra*, at p. 398.) Thus, assuming the court had jurisdiction to vacate Limon's sentence (see Discussion, part A,

---

[4] Vacating the gang finding would not make Limon immediately eligible for parole. The court doubled this 15-year minimum on the attempted murder charge to 30 years because Limon had suffered a prior strike conviction (see §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)) and further ordered this sentence to run consecutive to the 50-year minimum sentence for murder.

*ante*), he is entitled to benefit from the recent amendments to section 186.22 at resentencing.

Limon argues we must remand the case for potential retrial of the gang finding. (See *People v. E.H.* (2022) 75 Cal.App.5th 467, 480 ["The proper remedy for this type of failure of proof—where newly required elements were 'never tried' to the jury—is to remand and give the People an opportunity to retry the affected charges"].) We agree with the People, however, that prior to vacating the jury's finding that Limon committed his crimes for the benefit of a criminal street gang, the superior court must determine whether the lack of jury instructions on the current law regarding gang findings prejudiced him. As we explained in another case, "[b]y requiring proof for a gang enhancement that the benefit to the gang was more than reputational, Assembly Bill . . . 333 essentially adds a new element to the enhancement. When jury instructions are deficient for omitting an element of an offense, they implicate the defendant's federal constitutional rights, and we review for harmless error under the strict standard of *Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705]." (*People v. Sek* (2022) 74 Cal.App.5th 657, 668.)

Upon remand, if the People prove beyond a reasonable doubt that the error was harmless and the superior court so finds, the court may resentence Limon based on the jury having found the criminal street gang enhancement true. If the superior court finds prejudicial error, then that enhancement must be vacated and the People given the opportunity to retry it.

11

## DISPOSITION

The superior court's order vacating Limon's sentence and resentencing him is vacated. On remand, the court shall first determine whether it has jurisdiction to resentence Limon. If not, it shall dismiss his petition without prejudice to his eligibility for relief by other means. If the court determines it does have jurisdiction, it shall conduct further proceedings as described above in Discussion, part C.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

M. KIM, J.

12