Filed 5/19/26  P. v. Hanson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SCOTT RANDOLPH HANSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B338897<br>(Super. Ct. No. 1298239)<br>(Santa Barbara County) |

Scott Randolph Hanson appeals a judgment following his 2023 resentencing required by Penal Code section 1172.75.[1]  He contends the trial court abused its discretion by refusing to strike either his 1988 strike prior pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) or his two prior serious felony enhancements pursuant to Senate Bill 1393 (2017-2018 Reg. Sess.) based on the remoteness of the priors and his good conduct in prison.  We affirm.

---

[1]  All further statutory references are to the Penal Code.

*Factual and Procedural Background[2]*

In July 2009, Ixchelle Yakimowich stepped out of the shower and walked to her bedroom wearing only a towel when she saw a stranger looking through her window. She yelled to her fiancé, Matthew Meczka, who ran outside and saw appellant " 'peek out' " from behind a hedge near the house. A confrontation ensued, and appellant struck Meczka with a two-by-four before running off. When police arrested appellant, they found a mattress in the backyard that was laying on top of planks of wood similar to the two-by-four Meczka described. Neighbors told police that appellant had been peeping into their bedroom window.

In August 2009, the Santa Barbara County District Attorney charged appellant with one count of assault with a deadly weapon (§ 245, subd. (a)(1), count 1) and two counts of misdemeanor peeking (§ 647, subd. (i), counts 2 & 3). As to count 1, the People alleged three prior strike convictions (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A), three prior serious felony conviction enhancements (§ 667, subd. (a)(1)), and four prior prison term enhancements (§ 667.5, subd. (b)).

In November 2009, a jury found appellant guilty as charged in count 1. He pleaded no contest to the two misdemeanor counts. The trial court subsequently found true the prior conviction allegations.

In June 2010, the trial court denied appellant's motion to dismiss a strike conviction and sentenced him to a third strike term of 25 years to life as to count 1, plus two five-year terms

---

[2] A complete statement of the facts can be found in our prior opinion *People v. Hanson* (Jul. 27, 2011, B225484) [nonpub. opn.] (*Hanson*).

2

pursuant to section 667, subdivision (a), and one year pursuant to section 667.5, subdivision (b). As to counts 2 and 3, the trial court sentenced appellant to six months, with the term for count 2 to run consecutively and the term for count 3 to run concurrently with the term imposed in count 1.

We affirmed appellant's conviction in an unpublished opinion. (*Hanson*, *supra*, B225484.)

In that appeal, appellant argued, among other things, that the trial court abused its discretion by refusing to strike his 1988 prior strike conviction. We disagreed and explained that although appellant's conviction was remote in time, he spent much of that time incarcerated. He then committed the current offense shortly after being released from prison and absconding from parole supervision. We further explained that even if appellant's criminal history was the product of untreated substance abuse or mental illness, as he claimed, the trial court properly relied on the prior incidents in concluding that appellant is " 'a serious danger to society.' "

*Section 1172.75 Proceedings*

In 2022, the trial court issued a notice of hearing regarding appellant's resentencing eligibility pursuant to section 1172.75 (former § 1171.1). The People filed briefing requesting that the trial court strike the unauthorized one-year prison prior but otherwise leave appellant's sentence intact.

Appellant filed a petition for resentencing, arguing among other things, that his prior strike convictions were remote in time and the prior serious felony enhancements should be dismissed pursuant to section 1385. In his petition, he asserted that multiple enhancements were imposed, the current offense was connected to mental illness or prior childhood trauma, and

3

dismissing the enhancements would not create a risk to public safety.  As to resentencing, appellant requested that the trial court dismiss his 1988 strike prior and resentence him to 18 years in state prison or strike his serious felony priors and resentence him to 25 years to life in state prison.

The People filed a supplemental opposition contending that section 1385, subdivision (c) does not apply to appellant's prior strike allegations, nothing in the record shows appellant's mental health or childhood trauma substantially contributed to the present offense, and the remoteness of any priors was irrelevant because appellant had only been out of custody for 50 days when he committed the instant offense.

At the resentencing hearing, appellant's counsel argued that appellant had several mental health diagnoses, was doing the best he could with treatment given the limited opportunities for programming, and had no rule violations over the past 13 years.  Counsel further argued that the trial court should dismiss appellant's 1988 strike prior because he was "extremely young" when he committed the offense.

The prosecutor responded that appellant had not participated in many rehabilitative programs or attempted to mitigate his past risk factors.  He also minimized his behavior and blamed the victims, as reflected in the record from the June 2022 Board of Parole hearing.  The prosecutor argued there was not enough evidence to warrant any mitigation, and it was not in the interest of justice to strike the strike or dismiss the "nickel" priors.

After hearing argument, the trial court struck the one-year prison prior but declined to reduce appellant's sentence further.

The trial court resentenced appellant to a total term of 35 years and six months to life.

*Discussion*

Appellant contends the trial court abused its discretion by refusing to strike either his 1988 strike prior or his serious felony priors because doing so would have been in the furtherance of justice based on the remoteness of the priors and appellant's good conduct while incarcerated.

Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." If a defendant's current judgment contains such an enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

At resentencing, the trial court may consider whether to dismiss a prior strike in the furtherance of justice. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 364; *Romero, supra,* 13 Cal.4th at pp. 529-530.) We review the trial court's refusal to dismiss a prior strike for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

In reviewing a ruling whether to dismiss a strike, we "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*); *Carmony, supra,* 33 Cal.4th at p. 377.)

Here, as detailed in our prior opinion, appellant has an extensive criminal record that includes a 1982 juvenile

adjudication for unlawful entry and assault with intent to commit rape, a 1987 conviction of contributing to the delinquency of a minor, and a 1995 conviction for misdemeanor disorderly conduct (§ 467, subd. (i)) after he was seen peeking into apartments from a nearby hillside. He also has 10 prior juvenile adjudications or convictions of property crimes such as burglary, prowling, petty larceny, and grand theft. (*Hanson*, *supra*, B225484, slip opn. at p. 10, fn. 2.)

In 1998, appellant was convicted of first degree residential burglary after he entered a home, groped the female victim in the genital area, and fought with the victim's husband. Appellant was sentenced to 13 years in prison.

On May 31, 2009, appellant was paroled after he completed serving his 13 year prison sentence. On July 20, 2009, just 50 days later, he committed the instant offenses.

In challenging the trial court's decision, appellant focuses on the remoteness of his priors and his good conduct while incarcerated. But remoteness in time is an insufficient basis to dismiss a strike prior where the defendant "has led a continuous life of crime after the prior . . . ." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [error to strike 20-year-old strike]; *Williams*, *supra*, 17 Cal.4th at pp. 163-164 [error to strike 13-year-old strike].) And while the trial court commended appellant for his performance in prison over the past 13 years, it did not find that appellant had "addressed the issues" required "for society to be safe."

After considering appellant's criminal history, his background, character, and prospects, the trial court explained there was "insufficient evidence" that appellant's "risk of future violence is any less today than it was in 2010." The trial court

6

therefore concluded it could not find that appellant should be deemed to be "outside the spirit of the Three Strikes law in whole or in part." On this record, there was no error.

Appellant next contends the trial court abused its discretion in refusing to strike his two serious felony priors because the goal of public safety could easily be achieved through a sentence of 18 years or 25 years to life.

At resentencing, the trial court is required to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion . . . ." (§ 1172.75, subd. (d)(2).)

Section 1385, subdivision (c)(2) provides that the trial court, " '[i]n exercising its discretion' to dismiss a sentencing enhancement 'shall consider and afford great weight to evidence offered by the defendant to prove' certain enumerated mitigating circumstances, and '[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1028 (*Walker*).) If the sentencing court finds that striking an enhancement would endanger public safety, then it need not give great weight to the evidence presented in support of the mitigating factors. (*Walker*, at pp. 1028-1030; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 (*Mendoza*).)

We review the trial court's refusal to dismiss an enhancement pursuant to section 1172.75, subdivision (d) and 1385, subdivision (c)(2) for abuse of discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 851, 856-858; *Mendoza*, *supra*, 88 Cal.App.5th at p. 298.)

Here, the trial court did not abuse its discretion in denying appellant's request to strike his prior serious felony enhancements. The only relevant mitigating factors were that multiple enhancements applied, the charged crime was not a violent felony, and the enhancements were based on prior convictions over five years old. (§ 1385, subds. (c)(2)(B), (F), (H).)

Notwithstanding these mitigating factors, the trial court found that dismissing one or both of appellant's enhancements would endanger public safety. Specifically, it noted appellant's "high risk of violence" as indicated in the Comprehensive Risk Assessment report referenced at the 2022 Board of Parole hearing. The trial court also noted that appellant failed to take responsibility and continued to blame the victims. For example, when addressing the 2009 assault of Mr. Meczka, appellant told the Board of Parole, "It was a tragedy for both [of] us . . . . I've forgiven Mr. Meczka for what has happened." Given appellant's statements, which are indicative of his lack of remorse and inability to accept responsibility, the trial court could reasonably conclude he remains a danger to the public.

The trial court also considered appellant's extensive adult criminal history, which continued unabated except for brief occasions when he was out of custody. In this case, appellant had only been out of custody for 50 days when he committed the instant offenses, which were of a sexual nature similar to his prior offenses.

As our high court has observed, "in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any

8

mitigating factors identified in [section 1385,]subdivision (c)(2)." (*Walker, supra,* 16 Cal.5th at p. 1033.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

Jean M. Dandona, Judge
Superior Court County of Santa Barbara

_____


Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.